## Cornelius C. Crawford v. The Township Boards of Scio and Webster.

*Practice in Supreme Court on motion to dismiss writ of certiorari.* A motion to dismiss a writ of *certiorari* brought to review the proceedings of township boards, for the removal of the plaintiff in error from the office of director of a school district, within said townships, based upon such acquiescence of the plaintiff in error, in subsequent proceedings of said district to elect a successor to plaintiff in error, in said office, as would estop him from contesting the validity of said proceedings for his removal, will not be granted unless such acquiescence is undisputed.

CRAWFORD *v*. SCIO AND WEBSTER.

*Parties defendant to writ of certiorari.* The persons or body whose action is to be reviewed and in whose hands the record. of such action remains, are the proper body or persons to make return to a writ of *certiorari*, to review such proceedings, and are, therefore, proper parties defendant thereto.

*Heard and decided April 5.*

Motion to dismiss *certiorari* on the grounds: 1. Of acquiescence of plaintiff in error in subsequent proceedings, such as to estop him from contesting the proceedings in question; 2. That the writ ran to the wrong parties defendant.

The writ was a common-law *certiorari* from this court, directed to the township boards of the two townships of Scio and Webster, in the county of Washtenaw, Michigan, to bring up for review in this court the proceedings of the boards of the two townships, sitting as a single joint board upon a petition presented to them for the removal of said Crawford from the office of director of fractional school district No. One, which district embraces a part of each township.

The motion was based upon the affidavit of George A. Peters, which sets forth the proceedings of said boards for the removal of said Crawford from said office (from which it appears that said proceedings were taken by the members of the boards of both of said townships, sitting together as a single joint board); and that deponent is a resident and a qualified voter in said school district; that subsequent to the proceedings for the removal of said Crawford from said office, five legal voters of said district made a request in writing (a copy of which is given) to the district board of said district, to call a special meeting of said district to fill the vacancy caused by the removal of said Crawford from said office; that in pursuance of such request the moderator of said district called a special meeting of said district by notice (a copy of which is given), of which copies were posted up as required by law; that at the time and place designated in said notice, a meeting of the legal voters of

such district was held, at which the moderator of said district acted as chairman (and setting forth a transcript of the proceedings had at said meeting which resulted in the election of said Peters, by a unanimous vote, as director, to fill the vacancy created by the removal of said Crawford therefrom); that said Peters filed his acceptance in writing of said office; that said Crawford was present at said meeting and made no objection to the action of said meeting, but took part therein, and apparently acquiesced in the proceedings.

A counter-affidavit of said Crawford was presented and read, denying acquiescence in the proceedings of said district meeting, and setting forth that he attended the same for the purpose of notifying all those who might attend, that he had not been legally removed and that he should contest all their proceedings, and that he did so notify many of the persons there assembled, and denying that he took part otherwise in said meeting.

*H. J. Beakes*, for the motion, asked time to reply to said counter-affidavit.

*E. D. Kinne, contra.*

THE COURT held that the boards whose action is to be reviewed and in whose hands the record of that action remains, are proper parties defendant and must make the return to the writ; that upon the question of acquiescence of the plaintiff in error, in the proceedings of the district meeting, the affidavits are in conflict, and a further showing would not remove that conflict, and that the motion to dismiss can only be granted on that ground when the acquiescence is undisputed.

Motion denied.