ISBELL, administrator, *et al.* *v.* BLANCHARD, survivor.

1. Where a plaintiff suing as administrator in an action pending in the superior court, makes a joint motion with another to substitute the latter as party plaintiff in the case, on the ground that the former has been dismissed from his trust as administrator and the latter has been appointed and qualified as his successor, and this motion was denied, a writ of error brought by the former to reverse the judgment may be amended in the Supreme Court by adding the latter as a co-party plaintiff in error.

2. On review of the case of *Jones et al., administrators,* v. *Lamar et al.,* 77 *Ga.* 149, holding that an administrator *de bonis non* appointed in another State cannot be made a party plaintiff in an action brought by his predecessor in the trust, it is affirmed, inasmuch as it is not absolutely clear that the ruling in that case was incorrect, and the legislature having acquiesced in the same from the year 1886 up to the present time.

3. There is no provision by statute for making a domestic administrator a party to a suit brought by an administrator appointed in another State. *Judgment affirmed.*

August 14, 1894.

Motion to make party. Before Judge BUTT. Muscogee superior court. November term, 1893.

Annie S. Orr died in Russell county, Alabama, June 16, 1884, leaving a young child. June 24, 1891, Isbell was duly appointed her administrator by the probate court of that county, and on August 1, 1891, he brought suit as such against Blanchard in Muscogee county, Georgia. On November 9, 1893, he resigned his office; his letters were revoked by the probate court, and on December 12, 1893, Patterson was appointed by said court administrator *de bonis non* of the estate of Annie S. Orr. Upon the call of the suit for trial in Muscogee superior court in January, 1894, plaintiff's counsel moved that the name of Isbell as administrator be stricken, and the name of Patterson substituted therefor. This motion having been denied, counsel moved to continue the case for the purpose of allowing administration to be taken out in Georgia, so that a

Georgia administrator might be made a party in place of Isbell. This also was refused, and plaintiff excepted. In the Supreme Court, on motion of counsel for plaintiff, an order was passed making Patterson, administrator, a co-party plaintiff in error.

LOUIS F. GARRARD, for plaintiff.

PEABODY, BRANNON, HATCHER & MARTIN and LITTLE & WIMBISH, for defendant.