### BENNETT *v.* TRUST COMPANY OF GEORGIA.

1. Where a suit was brought in the court below by several persons, as the beneficiaries of a homestead, for the recovery of the alleged homestead property, and, after a judgment against them, a bill of exceptions was taken in the name of one of them only, and the names of the others ap-

pear in the record, the names of the plaintiffs omitted in the bill of exceptions may be inserted therein by an amendment thereto in this court, as plaintiffs in error.

2. The statutory homestead, or exemption, provided for in sections 2866 et seq. of the Civil Code, can not be taken in property which does not belong to the head of a family. A wife, living with her husband and children, is not the head of a family, and hence she is not entitled, under the provisions of these sections of the Code, to have property the title to which is in herself exempted from levy and sale, for the benefit of herself and minor children.

3. No amendment to the original schedule can give vitality to a statutory homestead which is absolutely void.

(a) One not the head of a family, but who has the care and support of dependent females, is not entitled to such a homestead.

Argued December 20, 1898. — Decided March 4, 1899.

Equitable petition.   Before Judge Lumpkin.   Fulton superior court.   March term, 1898.

*Mayson & Hill*, for plaintiffs.

*King & Anderson*, for defendant.

FISH, J.   The plaintiffs in the court below brought an action against the Trust Company of Georgia, to recover a certain house and lot in the city of Atlanta and the value of the same for rent while in possession of the defendant. They claimed "title to said land as beneficiaries under the homestead laws" of this State. The petition alleged that Annie Bennett was, on August 30, 1880, the owner of the lot, and on that day "procured an order from the ordinary setting apart said land as exempt from levy and sale, under the laws of this State, for the benefit of herself and seven minor children," named in the petition. The suit was brought by her and four of these children. The petition further alleged that "said Trust Company on May the 9th, 1894, obtained a judgment against petitioner Annie Bennett in the city court of Atlanta, execution was issued thereon and was levied on said land on July the 31st, 1894, and said land was sold thereunder on Sept. the 8th, 1894, said Trust Company purchasing the same"; that on "Sept. the 8th, 1894, petitioners were dispossessed of said property by said Trust Company, and it went into possession thereof and has continued in possession ever since"; that the Trust Company knew of the exemption of the land, and went into possession thereof in defiance of the same. Attached

to an amendment to the petition was a copy of the alleged homestead, from which it appears that Annie Bennett made out and returned to the ordinary a schedule of real and personal property "claimed by her to be exempt from levy and sale, for the benefit of herself and family, consisting of her said husband and seven minor children, under section 2040 of the Code of Georgia, and the amendment thereto," the lot sued for being the real estate contained in the schedule. This schedule was approved and recorded by the ordinary on August 31, 1880. On June 15, 1898, after this suit was filed, Annie Bennett filed in the ordinary's office a petition for an amendment "to schedule filed and approved Aug. 31, 1880," stating the names of the children, the sex of each, and their respective ages at the time such original schedule was filed; and stating "the ground [of the] application to be, because said females were part of the family of petitioner, and were dependent females, being dependent on said petitioner for support," and that the property was "the property of petitioner and her separate estate." On this petition to amend the schedule appears the following indorsement, signed by the ordinary: "Filed, approved, and recorded and allowed, June 15, 1898." The defendant demurred to the plaintiffs' petition, upon various grounds. The court sustained the demurrer, and the plaintiffs excepted.

1. When the case reached this court only one of the plaintiffs in the court below was a party to the bill of exceptions, and she had made the requisite pauper affidavit to avoid payment of the costs here. The defendant in error moved to dismiss the writ of error, "for want of proper parties to the bill of exceptions, in that several of the plaintiffs in the court below were not made parties" thereto. Whereupon counsel for the plaintiffs in error applied for leave to amend the bill of exceptions by making the plaintiffs who had been left out of the bill parties plaintiff in the same. This application was granted. The necessary parties having been made, and the costs in this court having been paid by the plaintiffs in error, the motion to dismiss is overruled. The right of the plaintiffs to make this amendment to the bill of exceptions in this court is clear.

Civil Code, § 5567; *Sharp* v. *Findley*, 71 *Ga.* 654; *Epping* v. *Aiken*, Id. 682; *Isbell* v. *Blanchard*, 94 *Ga.* 678.

2. It will be seen that the plaintiffs in this case claim to be the beneficiaries of a homestead which purports to have been obtained by a married woman, living at the time with her husband, for the benefit of herself, her husband, and her minor children, under the provisions of section 2040 of the Code of 1873, which provisions are now found in section 2866 of the Civil Code. One question raised by the demurrer was, whether a married woman, living with her husband, is entitled to have her own property exempted under this section of the Code. The section in question provides that "The following property of every debtor, who is the head of a family, shall be exempt from levy and sale by virtue of any process whatever, under the laws of this State, nor shall any valid lien be created thereon, except in the manner hereinafter pointed out, but shall remain for the use and benefit of the family of the debtor," etc. It is perfectly clear that the exemption here provided for can not be taken in property belonging to one who is not the head of a family. This is sometimes called the statutory homestead, but is more generally known as "the pony homestead." Under certain circumstances, provided for by the law, the constitutional, or ad valorem, homestead may be set apart out of the property of a person who is not the head of a family; but there are no similar provisions with reference to the homestead in specifics, for which this section of the Code provides. In the present case, a wife, living with her husband, attempted to take "the pony homestead" in property which belonged to herself, "for the benefit of herself and family, consisting of her husband and seven minor children." A married woman living with her husband is not the head of a family. Where a husband and wife are living together, the law recognizes the husband as the head of the family. *Neal* v. *Sawyer*, 62 *Ga.* 352. The homestead set up by the plaintiffs in this case is, therefore, a mere nullity. Consequently the land sued for by them was not protected from levy and sale under the judgment and execution obtained against Mrs. Bennett by the defendant.

3. The amendment made to the schedule, after the beginning of this suit, by setting out the names and ages of her children at the time the original schedule was filed, and the respective sex of each, and stating "the ground [of the] application to be, because said females were part of the family of petitioner, and were dependent on said petitioner for support," did not help the matter at all. The original proceedings were utterly void, as the schedule showed upon its face that. Mrs. Bennett was not the head of a family and that the exemption was sought in property belonging to her. Hence there was nothing to amend. Besides, while a person having the care and support of dependent females, by proceeding under sections 2827 et seq. of the Civil Code, may obtain the ad valorem homestead, such a person is not entitled to the kind of exemption which was sought in this case. There was no error in sustaining the demurrer.

Judgment affirmed. All the Justices concurring.