## ROWLAND *et al. v.* FITE, Judge.

BY THE COURT.   1. Where a petition filed by several plaintiffs is dismissed on demurrer, and their counsel, at the instance and in behalf of all of them, presents to the trial judge a bill of exceptions assigning error upon the judgment rendered, which bill of exceptions is duly certified and, together with a transcript of their petition and the demurrer thereto, transmitted to this court, the mere fact that they are not named in the bill of exceptions otherwise than as "R.... et al." affords no reason for treating the writ of error as a nullity.   Such a defect is not fatal, for the bill of exceptions may, on motion in this court, be amended by the record so as to specifically set forth the names of all the parties in whose behalf the same was sued out.   *Cameron* v. *Sheppard,* 71 *Ga.* 781.   It follows that there can be no occasion for, and the trial judge is without authority to certify, a second bill of exceptions, presented to him at the instance

of the same parties upon the idea that, not having been properly designated in ,the first bill of exceptions as the plaintiffs in error, they could not in this court successfully urge their claim to such benefits as might be derived therefrom.

2. That a plaintiff in error has inadvertently failed to name in his bill of exceptions all necessary parties defendant, or has negligently omitted to perfect service upon one or more of them, can not seriously be regarded as presenting any logical reason why he should be permitted to bring a second writ of error designed to shield himself from the consequences of his own neglect. A party who, after a bill of exceptions presented in his behalf to the trial judge has been certified, causes the same to be transmitted to the reviewing court, fully exhausts his right to a writ of error, irrespective of the question whether, because of some fatal defect in his bill of exceptions or because of an omission to perfect service thereof agreeably to law, the same may be subject to dismissal in that court. See *Rogers* v. *Roberts*, 88 *Ga.* 150, and *Moore* v. *Reid*, this day decided.

*Application for mandamus nisi denied. All the Justices concurring.*

Submitted October 3, — Decided October 25, 1899.

*Fouche & Fouche,* for the applicant.