## HAYES *v.* HAYES *et al.*

1. Where it appears that in a suit brought against several defendants the plaintiff in the court below, against whom the verdict was rendered upon the trial, sued out a bill of exceptions to the judgment of the court overruling his motion for a new trial, and named the defendants in the case as J. H. (one of the defendants) et al., and did not otherwise designate the defendants, and the bill of exceptions was duly served upon the attorney of record for all of the defendants, the bill of exceptions may be amended by adding the names of all of the defendants.

2. Where complaint for land was brought by one who claimed title to

the property sued for under a deed from his mother, and it was alleged that the mother had died since the execution of the deed, leaving no property and no administrator, and that the defendants named in the petition, together with the plaintiff, were all of the heirs at law of the decedent, one showing that he was the duly appointed and qualified temporary administrator of the decedent, and that he was in possession of the property sued for, was, upon his intervention duly filed praying that he be made a party defendant, properly allowed to become a party defendant to such suit.

3. The demurrer to the plea of res adjudicata in this case should have been sustained, inasmuch as the parties to the record in the suit relied upon as the basis of the plea of res adjudicata were not the same as those of the present suit, and the issue therein was entirely different.

JANUARY 11, 1912.

Equitable petition.  Before Judge Whipple.  Crisp superior court.  December 22, 1910.

*R. J. Bacon, W. F. Hall,* and *B. T. Burson,* for plaintiff.

*J. T. Hill* and *J. W. Dennard,* for defendants.

BECK, J.  W. H. Hayes brought complaint for land against E. W. Hayes, T. P. Hayes, John Hayes, Mrs. T. W. Bowen, and Rosa Bowen.  The last named being a minor, a guardian ad litem was appointed for her.  It was alleged in the petition that the plaintiff claimed title to the real estate sued for, under a deed from Mrs. Mary Hayes, deceased, and that Mrs. Mary Hayes died intestate on November 15, 1908, leaving no debts nor any estate, and that no administrator had been appointed on her estate.  The defendants named filed their plea; and John Hayes, showing that he was the temporary administrator of Mrs. Mary Hayes, deceased, and that he had duly filed his bond and qualified as such administrator, and further showing that he had in his possession, custody, and control all the property, real and personal, of the decedent, including the property sued for in this case, asked to be allowed to intervene as temporary administrator for the purpose of protecting the interests of the estate, and he was accordingly allowed to intervene and be made a party defendant.  Upon the trial a verdict was rendered in favor of the defendants.  Whereupon the plaintiff made a motion for a new trial, and this being overruled, he excepted.  In the bill of exceptions it is recited that the cause was one wherein "W. H. Hayes was plaintiff and John Hayes et al. were defendants."  No specification as to who were the parties defendant in the case and to the bill of exceptions was made, other than as stated above.

Acknowledgment of service was made upon this bill of exceptions, and signed by "J. T. Hill, Attorney for Defendants, as appears of record, John Hayes, Mrs. T. W. Bowen, J. O. Littlejohn, Guardian of Rosa Bowen, and T. P. Hayes." When the case was called for a hearing here, counsel for defendants in error made a motion to dismiss the bill of exceptions, on the following grounds: "1. No one is named or otherwise disclosed by the bill of exceptions as plaintiff in error or as defendant in error. 2. John Hayes et al. are named as defendants in a certain cause tried at the November term, 1910, of Crisp superior court, and by further reference to said bill of exceptions it will be seen that John Hayes intervened as temporary administrator of the estate of Mary Hayes, and not in an individual capacity, and no service has been made on the said John Hayes as administrator of said estate and there has been no waiver of service. 3. The service made of the bill of exceptions is insufficient, for the reason that J. T. Hill acknowledged service for certain defendants, naming them, but does not acknowledge service for any one as defendant in error, and neither by reference to the bill of exceptions or to the acknowledgment of service on the same can it be ascertained who are the defendants in error." Counsel for plaintiff in error asked leave to amend by adding to the name of the defendant in error, John Hayes, the other parties who were the defendants in the court below.

1. Section 4 of an act entitled "An act to regulate and prescribe certain matters of review procedure and practice in the courts of this State, and for other purposes," approved August 21, 1911, provides that "where a bill of exceptions which can be identified as excepting to a specific judgment is served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court." And section 5 provides as follows: "That where an acknowledgment of service has been procured as provided in section 4 of this act, the bill of exceptions may be amended in the reviewing court by making any person a party defendant in error to the case who is bound by such service, although such person may not have been named in the bill of exceptions." This statute is purely remedial, relating entirely to matters of practice; and therefore, while passed subsequently to the signing of this acknowledgment to the bill of ex-

ceptions, it is nevertheless applicable thereto. Pending cases were not excepted from the operation of the statute, which is general and universal in its terms relatively to the matters dealt with. That being true, service upon J. T. Hill of the bill of exceptions was sufficient to bind all other parties defendant for whom he appeared as counsel according to the record. · He appeared as counsel of record for all the parties defendant named in the original petition and as counsel for John Hayes in the petition to be allowed to intervene as temporary administrator and to be made a party defendant in the case.

2. Under the facts stated in the second headnote, the temporary administrator was properly allowed to intervene as a party defendant.

3. Upon the trial of the case, in addition to the defense set up the defendants offered a plea of res adjudicata, which was demurred to generally by the plaintiff. The plea of res adjudicata contained the record in the case of Mrs. Mary Hayes (the decedent referred to above) as against E. W. Hayes, the same being proceedings instituted in the superior court of Crisp county to evict the defendant, E. W. Hayes, as a tenant holding over, from the property now in controversy. ·In the eviction proceedings E. W. Hayes, who was there proceeded against, filed a counter-affidavit deposing that he was then holding the land in controversy under W. H. Hayes, and that he had lawful possession of same and that it belonged to W. H. Hayes. Upon the trial of the issue thus made W. H. Hayes was sworn as a witness in such case, and was fully cognizant and aware of what the issue was in said case. The trial of said eviction proceedings resulted in a verdict and judgment for the plaintiff, Mrs. Mary Hayes, against E. W. Hayes. What is stated above in this division of the opinion, together with the exhibits of the affidavit of warrant, entries thereon, and the counter-affidavit in the eviction proceedings, constitutes the plea of res adjudicata. The demurrer thereto was overruled. This was error. Under the decision in the case of *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806), title to the land was not involved in the eviction proceedings. In the case cited the court said: "An issue made by the filing of a counter-affidavit to a summary proceeding to eject a tenant, under the Civil Code [1895], § 4813 et seq., is tenancy or no

tenancy, and the question of the plaintiff's title is not involved." The ruling made above renders it unnecessary to discuss the assignments of error in the motion for a new trial, each of them being involved in the question of the sufficiency of the plea· of res adjudicata.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*