STATE *et al. ex rel.* SIMPSON, Co. Atty., *et al.* v. CHICK-
ASHA COTTON OIL CO.

No. 6881.   Opinion Filed February 2, 1915.

(146 Pac. 433.)

1.   CERTIORARI—Parties—Return. The officer or tribunal whose
action is to be reviewed, and in whose possession the record of
such action remains, is the proper legal authority to make re-
turn to a writ of certiorari to review such proceedings, and are
therefore proper and neces ary parties defendant thereto.

2.   CERTIORARI—Necessary Parties—Proceedings Brought by Tax
Ferret. Where an action for certiorari is filed in this court either
by the state or any legal subdivisio  thereof, on relation of a
proper officer, in which it is sought to have reviewed the ac-
tion of a county treasurer and county court, or either of them,
in a proceeding brought by a tax ferret under section 7449, Rev.
Laws 1910, and where such county treasurer and the county
court are not made defendants, the writ will be denied.

(Syllabus by the Court.)

Original petition for writ of certiorari by the State of Okla-
homa and the County of Grady, on the relation of Oscar Simpson,
County Attorney, and others, against the Chickasha Cotton Oil
Company.   Writ denied.

*Oscar Simpson,* Co. Atty., and *J. P. Whittinghill,* for plain-
tiffs.

*Keaton, Wells & Johnston* and *Bond & Melton,* for defendant.

SHARP, J.   This is an original action instituted in this
court, brought by the state of Oklahoma and county of Grady, on
the relation of Oscar Simpson, county attorney, Charles West,
Attorney General, and J. D. Lindsay, styled "revenue agent,"
against the Chickasha Cotton Oil Company, a corporation, and is
the outgrowth of a proceeding to compel the assessment of the
moneyed capital ,surplus, and undivided profits of said company,

in Grady county, for the years 1910, 1911, 1912, and 1913.  The petition alleges that a hearing in said proceedings, instituted by the said J. D. Lindsay, as tax ferret, was theretofore had before the county treasurer of Grady county, which resulted in an adverse decision; that an appeal therefrom was taken by the complainants herein to the county court, where the proceedings were dismissed on the ground that no cost bond had been given by the county or state, and that the court was without jurisdiction in the premises.  A further statement of the issues presented is unnecessary, for at the threshold of the case we are confronted with the question that neither the county court of Grady county, nor the county treasurer of said county, are before this court, notwithstanding the fact that we are asked to make an order causing them to certify up to this court a complete copy of the record and proceedings had before them respectively, that the legality of that which was done by them in the premises be reviewed, corrected, and determined by this court.

While there is in this state no statute regulating the practice in certiorari proceedings, we take it to be fundamental that the parties interested and to be affected by the action are not only proper, but necessary, parties to the proceedings.  They and none other can properly make return to the writ.  It was so held in *Crawford v. Township Boards,* 22 Mich. 406, where it was said that the persons or body whose action is to be reviewed, and in whose possession the record of such action remains, are the proper persons or body to make a return to a writ of certiorari to review such proceedings, and are therefore proper parties defendant thereto.  In *Worcester & Nashua R. Co. v. Railroad Commissioners,* 118 Mass. 561, it was held, on a petition for writ of certiorari to bring up and quash the proceedings in an inferior tribunal, that notice to show cause against the issuance of the writ must be given to the tribunal to which the writ, if granted, will be addressed; and further, that that tribunal was the only party which could file an answer or demurrer to the petition.  To the same

effect are *People v. Hoffman,* 166 N. Y. 462, 60 N. E. 187, 54 L. R. A. 597; *Black v. Brinkley,* 54 Ark. 372, 15 S. W. 1030; *Richmond v. Houser, Judge,* 7 Cal. Unrep. 343, 96 Pac. 908; *Oregon & Washington Saving Bank v. Catlin, County Judge, et al.,* 15 Or. 342, 15 Pac. 462; *Livermore et al. v. Mayor, etc., City of Milville,* 72 N. J. Law, 221, 64 Atl. 408; *Tod v. Crisman,* 123 Iowa, 693, 99 N. W. 686.

The omission to make parties the officers whose proceedings it is sought to direct and control goes to the very right of the relief sought.

For the reason given, the writ must be denied.

All the Justices concur.