## CLINARD *v.* CLINARD *et al.*

ATKINSON, J.   1. Where an acknowledgment of service has been procured as provided by the statute, the bill of exceptions may be amended in the reviewing court by making any person a party defendant in error who is bound by such service, although such person may not have been named in the bill of exceptions. Acts 1911, pp. 149, 151; Civil Code, (Park) § 6164(b), (Michie) § 6160(2). Where it appears that in a suit brought against several defendants the plaintiff, against whom the judgment was rendered, sued out a bill of exceptions to the judgment sustaining the defendants' demurrer and dismissing his petition, and named the defendants in the case as J. E. Clinard (one of the defendants) et al., and did not otherwise designate the defendants, and the bill of exceptions was duly served upon the attorney of record for all the defendants, the bill of exceptions may be amended by adding the names of all of the defendants. *Hayes* v. *Hayes,* 137 *Ga.* 362 (73 S. E. 659). The bill of exceptions having been amended as indicated above, the motion to dismiss the writ of error upon the ground "that on its face it does not affirmatively and unequivocally show who are the parties thereto, and it appears therefrom that essential and necessary parties thereto are neither named nor designated," must be over-ruled.

2. The suit was instituted in 1927 by one brother against the administratrix of his deceased ·brother. The petition alleged that petitioner had bargained to purchase a certain farm; that his brother owned a mercantile business; that in 1888 the two brothers entered into a parol agreement to form a copartnership, and purchased the farm, taking a deed from the vendor to them jointly, agreeing that the farm and mercantile business should be partnership enterprises, and that the two brothers should "own and acquire all property jointly," and that the petitioner should conduct the farming interest and his brother the mercantile business and "take charge of all finances," and that "the proceeds derived from all property should be used for their joint purposes, but more particularly for the support of their unmarried sisters," with whom the petitioner lived; that inasmuch as petitioner owed certain individual debts, his name was not to be known in the partnership, but he was to be a silent partner; that in 1903 the farm was sold, a deed thereto being executed by both of the brothers, and the proceeds of sale were delivered to petitioner's brother for the joint use of both under the partnership agreement; that the partnership enterprise was conducted in the manner above indicated until the death of

petitioner's brother, which occurred in 1927, and at that time there were certain parcels of realty, and certain funds on deposit in a bank, and a certain bond, all standing in the name of petitioner's deceased brother. With reference to these the petition alleged: "That all of said property and money was acquired and accumulated by the joint efforts of your petitioner under their agreement hereinbefore set out, and now belongs to your petitioner as the surviving partner to said agreement." It was further alleged that the unmarried sisters were in life; that petitioner had fully performed his part of the contract, and would continue to support the said unmarried sisters so long as they should live; and "that the purpose and intent of the agreement was that petitioner as the survivor of the two should take all the property and money to aid him in carrying out their agreement, and it would be inequitable, unjust, and inhuman for the administrator to now distribute the estate of his brother among the lawful heirs at law." The prayers were, for decree declaring title to all the property to be in petitioner, and that the property be turned over to him, "that is, that said agreement be specifically performed;" for injunction against the administratrix, to prevent distribution in the court of ordinary; and for general relief, etc. Certain persons as heirs at law of the intestate were allowed to intervene as defendants. They filed a demurrer on the grounds that the petition failed to allege a cause of action; and that it appears that the agreement sought to be enforced "was an express trust created in parol and depending solely upon parol evidence for proof thereof." The exception is to a judgment sustaining the demurrer and dismissing the action. *Held:*

1. In so far as the petition seeks a recovery for the benefit of the unmarried sisters, it is an attempt to set up an express trust by parol, which can not be done. *Wilder* v. *Wilder,* 138 *Ga.* 573 (75 S. E. 654); *Jones* v. *Jones,* 138 *Ga.* 730 (75 S. E. 1129). To this extent the judgment of the trial court is affirmed.

2. The prayer for general relief, considered in connection with the allegations of the petition and the prayer for particular relief, is sufficiently broad to comprehend such equitable relief as setting up a partnership interest in the property.

3. The allegations were sufficient to allege a partnership interest in the realty alleged to have been owned at the time the copartnership was formed and the subsequently acquired realty and personalty; and this being so, it was erroneous to dismiss the whole case on general demurrer. No point was made as to the effect, on his right to sue in equity, of the act of the plaintiff in concealing his name in the alleged copartnership to avoid payment of his debts, and no decision will be made on any such question.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 6961. OCTOBER 1, 1929.

*R. G. Hartsfield,* for plaintiff.

*A. B. Conger* and *Vance Custer Jr.,* for defendants.