## GEORGIA MUSIC OPERATORS ASSOCIATION *v.* FULTON COUNTY *et al.*

No. 11716. APRIL 16, 1937.

*Samuel L. Eplan,* for plaintiff.

*Ralph H. Pharr, Charles B. Shelton, W. S. Northcutt, J. C. Savage, C. S. Winn,* and *Bond Almand,* for defendants.

Hutcheson, Justice. Georgia Music Operators Association, an association of persons and firms who place coin-operated musical instruments in commercial establishments such as restaurants, lunch-rooms, cafés, etc., in the County of Fulton, under contract with the proprietor of any such establishment, whereby the members of such association and the proprietors share the profits derived from the playing of such machines by the customers of the proprietors, by inserting a five-cent coin, thereby producing music which serves to advertise the place of business as well as furnish entertainment to the customers, together with John Gwin and G. W. Cooley, proprietors of lunch-stands or restaurants in said county, filed a petition, in behalf of themselves and all others similarly situated, to enjoin the County of Fulton and the chief of police of said county from enforcing, against the plaintiffs and all others similarly situated, a statute of the State of Georgia (Ga. L. 1935, p. 361), which provides that no person shall operate a public dance-hall for money or profit outside of the incorporated limits of towns or cities in any county having a population of 200,000 or more, without obtaining permission of the governing authorities of such county; alleging that they do not operate any public dance-halls, but only small places of business wherein are placed the music machines of the association, and if one of their customers places a coin in such machine it produces music, and such customer may, if he or she so desires, dance to some extent upon the limited space in the plaintiffs' establishment; that the statute does not apply to plaintiffs; and that if it does apply, said statute is unconstitutional for certain reasons assigned. The defendants' demurrer to the petition was sustained, and the Georgia Music Operators Association sued out a bill of exceptions to this court, naming itself only, as plaintiff in error. Upon motion to dismiss the bill of exceptions the association offered to amend the bill of exceptions by making G. W. Cooley, a coplaintiff in error. Gwin had withdrawn as a plaintiff in the court below.

1. "'In legal acceptation, a party is aggrieved by a judgment

or decree when it operates on his rights of property, or bears directly upon his interests.' 2 Cyc. 633, and citations." *Bryan* v. *Rowland,* 166 *Ga.* 719, 724 (144 S. E. 275).

2. A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint. *Bryan* v. *Rowland,* supra. Such a party is under no duty, and therefore it is not his privilege to bring under review the correctness of the judgment or decree entered. *Lamar* v. *Lamar,* 118 *Ga.* 684 (45 S. E. 498) ; *Braswell* v. *Equitable Mortgage Co.,* 110 *Ga.* 30 (35 S. E. 322).

3. The right to introduce by amendment necessary parties plaintiff in error is limited to those litigants only who are entitled to sue out a writ of error, and can not be exercised for the benefit of others by one not himself injuriously affected by the judgment excepted to. *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551, 558 (36 S. E. 859) ; *Swift* v. *Thomas,* 101 *Ga.* 89 (2) (28 S. E. 618) ; *Maltox* v. *Barry,* 136 *Ga.* 183 (2) (71 S. E. 155).

4. The Georgia Music Operators Association, which sued out the bill of exceptions in the instant case, was not aggrieved by the judgment or decree excepted to. *Georgia Music Operators Asso.* v. *Atlanta,* 183 *Ga.* 794 (190 S. E. 32). It therefore had no legal right to except thereto, and is not a proper party plaintiff in error. Under these circumstances and the above rulings, the writ of error, having been sued out only by a person not entitled to except, is void; and the proffered amendment, attempting to insert as a plaintiff in error the name of one who would have been entitled to sue out the writ, must be disallowed. *Ramey* v. *O'Byrne,* 121 *Ga.* 516, 519 (49 S. E. 595).

*Writ of error dismissed. All the Justices concur.*