Jenkins, Justice.
"No writ of error shall be dismissed in the appellate court when, by an amendment to the bill of exceptions, any imperfection or omission of necessary and proper allegations could be corrected from the record in the case.” Code, § 6-1309. “The bill of exceptions may be amended in the appellate court so as to conform to the record in the cause.” Code, § 6-1401. Under the act approved August 21, 1911, service of a bill of exceptions <<upon counsel of record in the case . . shall be held to bind all parties whom said counsel represented in the trial court.” Ga. L. 1911, p. 149; Code, § 6-912. “Where it appears that in a suit brought against several defendants the plaintiff . . sued out a bill of exceptions to the judgment sustaining the defendants" demurrer and dismissing his petition, and named the defendants in the case as . . (one of the defendants) et al., and did not otherwise designate the defendants, and the bill of exceptions was duly served upon the attorney of record for all the defendants, the bill of exceptions may be amended by adding the names of all of the defendants.” Clinard v. Clinard, 169 Ga. 199 (149 S. E. 788). In Carter v. Parrish, 154 Ga. 531 (1, b) (114 S. E. 709), where there was a motion to dismiss the writ of error on the ground that “no defendants in error are specifically named,” it was held, even in the absence of a formal motion to so amend, that “the bill of exceptions will not be dismissed on this ground, because the defendants in error can be supplied from the record.” See also Hayes v. Hayes, 137 Ga. 362, 364 (73 S. E. 659); King v. Casey, 164 Ga. 117, 118 (137 S. E. 776); Wynn v. Rahal, 56 Ga. App. 692 (2) (193 S. E. 610); Martin v. McAfee, 31 Ga. App. 690, 694 (122 S. E. 71). The similar bill of exceptions in this case having been served upon counsel for the defendants, the motion of the plaintiff in error so to amend the bill of exceptions is granted; and the motion to dismiss the writ of error on the ground that there were no proper defendants in error is denied.
The judgment under review was rendered “in open court” on December 13, 1938. The certificate of the judge was dated February 20, 1938. While the bill of exceptions was undated, it re *483 cited that it was tendered “within 60 days from the date of the judgment of the court sustaining the demurrer, which is within the time prescribed by law (the city court of Miller County does not adjourn within 30 days from the date of the organization and opening of said court, but said court remains open by operation of law until 5 days before the next succeeding term of said court).” A second undated certificate immediately followed, reciting that '•“this bill of exceptions was tendered me on the 9th day of February, 1939, but I kept the same in my possession and inadvertently failed to sign it until the 20th day of February, 1939.” The record does not show whether this certificate was contemporaneous with the preceding one, or, as both counsel apparently concede, supplemental. Counsel for the defendants in error moved to dismiss the writ of error on the ground that the trial judge, after signing the first certificate, exhausted his power, and could not sign a supplemental one; and that the first certificate was not duly signed or certified until more than 60 days after the decision. Whether or not the additional certificate should be treated as supplemental, and therefore beyond the power of the judge to make (Walker v. State, 153 Ga. 212, 111 S. E. 657, and cit.; Grant v. Southern Bell Telephone Co., 145 Ga. 298 (2), 89 S. E. 364, and cit.), the undated bill of exceptions under the first certificate will be taken as having been tendered in proper time, since it expressly recited that it was tendered “within the time prescribed by law,” and “within 60 days from the date of the decision” rendered in open court, and that the court “does not adjourn within 30 days from the date of its organization, but . . remains open until 5 days before the next succeeding term.” There was no date in the bill of exceptions, or anything in the explanatory recitals of the certificate, or anything in the record, to negative the general recital that the tender was made within the time prescribed by law, as in eases where such a general recital was so nullified. See Coker v. Life & Casualty Insurance Co., 180 Ga. 525, 527 (179 S. E. 626), and cit.; Proctor v. U. S. Fidelity & Guaranty Co., 53 Ga. App. 776 (187 S. E. 253), and cit. Nor was there anything to indicate that the delay in signing the certificate was “caused by some act of the plaintiff in error or his counsel.” Code, § 6-1312; Moore v. Kelly & Jones Co., 109 Ga. 798 (35 S. E. 168); Sweat v. Barnhill, 171 Ga. 294 (155 S. E. 18), and cit. The mo *484 tion to dismiss the writ of error on these additional grounds is denied.
"Municipal corporations are creations of the law. The legislature may modify or limit the corporate power or amend the charter, or withdraw it altogether, provided only that in doing so it does not conflict with any constitutional provision.” If the legislature sees fit, it may thus restrict or modify municipal powers existing under the usual general-welfare clause. Farmer v. Thomson, 133 Ga. 94, 99, 100 (65 S. E. 180); State v. Southern Express Co., 133 Ga. 113, 118 (65 S. E. 282). One legislature can not '"tie the hands of its successors, . . with reference to subjects upon which they have equal power to legislate.” Walker v. McNelly, 121 Ga. 114 (4), 120 (48 S. E. 718).
(a) Where the legislature, by an act approved August 7, 1915 (Ga. L. 1915, pp. 534, 548, 564), creating a new charter for the City of Colquitt, gave to the city authorities an unconditional power to prohibit live stock from running at large in the corporate limits, upon approval by voters of any such ordinance, and all powers '"necessary to promote the good government of the city and the general welfare of its citizens,” the legislature was not precluded from subsequently modifying such express and implied powers, as it did by act approved July 24, 1929 (Ga. L. 1929, pp. 973, 974), requiring that if the city authorities undertook to enforce the previous law, they should fence oil the city from outside territory and provide gates for passage, and that conflicting ordinances should be null and void. The latter act did not violate art. 1, sec. 3, par. 2, of the constitution (Code, § 2-302), prohibiting retroactive laws. Where the city enacted a live-stock ordinance after an election, pursuant. to the original charter of 1915, and impounded stock thereunder,- the trover petition of the owner, pleading the acts of 1915 and 1929 as stated, and setting up the failure of the city to provide a fence as required by the latter act, was not subject to general demurrer of the city authorities on the ground that the latter act violated such constitutional provision.
(&) Nor was the petition subject to the general demurrer on the ground that the latter act was null and void, because it placed "an arbitrary and unreasonable restriction upon the' city” in the exercise of its police or general-welfare powers under the former act.
(c) Under the .decisions construing the analogous militia-dis *485 trict stock laws (Code, §§ 62-502 to 62-515), and upholding them against similar grounds of constitutional attack (Puckett v. Young, 112 Ga. 578, 581, 37 S. E. 880; Lindsey v. Board of Commissioners of Colquitt County, 169 Ga. 368, 150 S. E. 261), the act of 1929 did not require the erection of a fence, and thus create a municipal debt or require the imposition of a tax for such erection. Therefore the petition was not subject to demurrer on the ground that the act violated art. 7, sec. 7, par. 1, of the constitution (Code, § 2-5501), prohibiting the creation of a municipal debt without the assent of the voters; or that the act violated art. 3, sec. 7, par. 17, of the constitution (Code, § 2-1817), prohibiting the amendment of Code sections by mere reference to title or number, because it sought to amend §§ 92-4101 and 92-4102, restricting the powers of municipal corporations in the levy and collection of taxes.
The petition stating a cause of action against all grounds of the general demurrer, it was error to dismiss the action.

Judgment reversed.

All the Justices concur.