## 29571. GILLIAM *et al.* v. ETHERIDGE.

SUTTON, J. 1. " 'In legal acceptation, a party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interests.' 2 Cyc. 633, and citations." *Bryan* v. *Rowland*, 166 *Ga.* 710, 724 (144 S. E. 275).

2. A party not aggrieved by the judgment complained of is without legal right to except thereto, and it is not his privilege to bring under review the correctness of the judgment entered; and the right to introduce by amendment necessary parties plaintiff in error in this court is limited to those litigants who are entitled to sue out a writ of error and can not be exercised for the benefit of another by one not himself injuriously affected by the judgment excepted to. *Georgia Music Operators Asso.* v. *Fulton County*, 184 *Ga.* 348 (191 S. E. 117).

3. The City of Atlanta was aggrieved by the judgment rendered in the superior court sustaining the certiorari in which it had been made a party defendant with the Board of Zoning Appeals of the city, but not the Board of Zoning Appeals to which an appeal had been taken from a decision of the building inspector of the city in respect to an application of the defendant in certiorari to improve his property under a zoning ordinance passed by the city pursuant to the amendment to its

charter by the act of 1929 (Ga. L. 1929, p. 818) as amended by the act of 1931 (Ga. L. 1931, p. 651). Under the above authorities the Board of Zoning Appeals had no right to except to the judgment complained of, and is not a proper party plaintiff in error in the bill of exceptions brought to this court, and the writ of error, having been sued out by one not entitled to except, is void. While it is true that the writ of certiorari is directed to a judge of an inferior judicatory or a person or persons composing the tribunal whose decision is sought to be reviewed, and is for the purpose of requiring such person or persons to answer and certify to the proceeding had in such inferior judicatory or tribunal, this does not make such respondent a party litigant or such a party as would be interested or aggrieved by the judgment complained of or by the judgment rendered in the certiorari proceeding, so as to entitle him to except, as an interested or aggrieved party, to the decision rendered in the certiorari proceeding. The proffered amendment, attempting to insert as a proper party plaintiff in error the name of the City of Atlanta, which would have been entitled to sue out the writ of error, must be disallowed. On motion the writ of error is

*Dismissed. Felton, J., concurs. Stephens, P. J., dissents.*

DECIDED JUNE 29, 1942. REHEARING DENIED JULY 28, 1942.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Frank A. Hooper Jr.,* for plaintiffs in error.

*McElreath, Scott, Duckworth & Riley,* contra.

STEPHENS, P. J., dissenting. I dissent from the judgment whereby the motion of the plaintiffs in error to make the City of Atlanta a party plaintiff in error is denied and the writ of error is dismissed. Conceding that a party can not except to a judgment or decree which does not operate on his rights of property, and which does not bear directly on his interest, and that a bill of exceptions by such party alone would be invalid and should be dismissed, I am of the opinion that the plaintiffs in error in this case, who are excepting to the judgment sustaining a certiorari, to which they were parties defendant, are excepting to a judgment which operates on and affects their property rights and bears directly on their interests, and that therefore the bill of exceptions is not void on the ground that the complaining parties were not aggrieved by the judgment rendered of which they complain. The plaintiffs in error in this case are, as described in the bill of exceptions, "E. A. Gilliam, C. H. Van Ormer, and R. W. Torras, constituting the Board of Zoning Appeals of the City of Atlanta," and they except

to a judgment sustaining a certiorari in which, as recited in the bill of exceptions, they were "named defendants."

It appears from the record that the petition for certiorari was brought by L. M. Etheridge. In it he complains, on various grounds, of a judgment of the "Board of Zoning Appeals" of the City of Atlanta, which, as appears from the statutes amending the charter of the City of Atlanta, is an inferior judicatory having the right to exercise judicial powers. The petition for certiorari names as the defendants "Ed A. Gilliam, C. H. Van Ormer, R. W. Torras, constituting the Board of Zoning Appeals of the City of Atlanta, and the City of Atlanta," and alleges that these named individuals "are named defendants herein in their official capacity as members of such committee." Such committee must necessarily refer to the Board of Zoning Appeals. The writ of certiorari which issued was directed to these individuals named in the petition for certiorari, and they are described in the writ as "Judge of Municipal Board of Zoning Appeals of the City of Atlanta, court." The answer to the petition for certiorari recites that "The Board of Zoning Appeals of the City of Atlanta in the response to the petition for certiorari filed in the above stated case respectfully answers." This answer appears to have been submitted by "Ed A. Gilliam, C. H. Van Ormer, R. W. Torras, Board of Zoning Appeals City of Atlanta." The written notice required under Code § 19-212 to be given to the "opposite party in interest . . of the sanction of the writ of certiorari," is directed to the City of Atlanta and to the individuals hereinbefore referred to "constituting the Board of Zoning Appeals of the City of Atlanta." Service of this notice is acknowledged by J. C. Savage, signing himself as "attorneys for defendants in certiorari."

On the hearing of the certiorari the judgment rendered was as follows: "The within certiorari is sustained and the case is remanded to the Board of Zoning Appeals of the City of Atlanta." It appears from the record that the inferior judicatory whose decision is sought to be reviewed by the certiorari is the Board of Zoning Appeals of the City of Atlanta. This appears expressly from the allegations in the petition and from the answer. The petition for certiorari complains of the judgment rendered by the Board of Zoning Appeals of the City of Atlanta, and the Board of Zoning Appeals, as an inferior judicatory sought to be reviewed, files its answer to the petition.

The defendants in the petition for certiorari, as recited in the petition and to whom the notice required in the Code, § 19-212, is directed, and for whom J. C. Savage as attorney acknowledged service for "defendants in certiorari," were the City of Atlanta and certain named individuals who constituted the Board of Zoning Appeals, and who, as alleged in the petition for certiorari, are named defendants in their official capacity as members of such board.

Unquestionably the City of Atlanta is a defendant in certiorari. The other named individuals recited as constituting the Board of Zoning Appeals, who are named as defendants in certiorari, are each, individually, a defendant in certiorari notwithstanding it is recited in the petition that they are "named defendants" in certiorari in their official capacity as members of the Board of Zoning Appeals. It matters not in what capacity these three individuals may be sued and made parties defendant in certiorari, they are nevertheless defendants in certiorari individually, although they may be sued in their official capacity, whatever this may mean, as members of the Board of Zoning Appeals. It does not appear clearly and unequivocally from these allegations in the petition that the Board of Zoning Appeals itself as a legal entity, or as an assumed legal entity, and not these named individuals, is made party defendant in certiorari.

If the Board of Zoning Appeals, the inferior judicatory whose decision is sought to be reviewed by the petition for certiorari, can not legally be made a party defendant to the petition, it would seem necessarily to follow that any effort to make the named individuals constituting the Board of Zoning Appeals defendants in certiorari, in their official capacities as members of the Board of Zoning Appeals, would result only in making these individuals themselves, as individuals, defendants in certiorari. The allegations in the petition that they constituted the Board of Zoning Appeals is mere descriptio personæ. Since the Board of Zoning Appeals could not be a party defendant, an effort to make the individual members of the board parties defendant in their official capacities as members of the board amounts to no more than making these individuals defendants in certiorari. See *Belcher* v. *Kelly,* 143 *Ga.* 525 (85 S. E. 696). These individuals have unquestionably been made parties in some recited capacity as defendants in the petition for certiorari, and these individuals consti-

tuting the Board of Zoning Appeals of the City of Atlanta and who are the "named defendants below," as recited in the bill of exceptions, are made plaintiffs in error. Unquestionably the defendants in certiorari are the plaintiffs in error in the bill of exceptions in this court.

These individuals are thus sued and made parties defendant. The fact that they are made parties defendant in their official capacities as members of the Board of Zoning Appeals does not alter the fact that they are made parties defendant. Whether or not the Board of Zoning Appeals itself is made a party defendant, which I do not think appears, it does appear that the individuals who are members of the Board of Zoning Appeals are parties defendant. Whoever individuals are parties defendants in this case, whether the individuals who constituted the Board of Zoning Appeals are parties defendant individually, or whether the Board of Zoning Appeals itself is a party defendant, they stand of record as parties defendant, and no objection has been made by any party defendant, on the hearing of the petition for certiorari, to such parties being made a party or that such party was an unnecessary party defendant.

The certiorari was sustained and the case remanded to the inferior judicatory whose judgment was under review, namely the Board of Zoning Appeals of the City of Atlanta. This judgment, under the law, was necessarily adverse to the defendants in certiorari, whether these defendants were the individual members of the Board of Zoning Appeals or the Board of Zoning Appeals itself. This judgment, as provided in Code, § 19-504, carries with it the right in the plaintiff to enter up a judgment for costs against the defendants in certiorari. This judgment therefore affects the interests and the rights of property of the losing parties to the certiorari, whoever these parties may be. This judgment affects the interests and the property rights of the Board of Zoning Appeals itself if the Board of Zoning Appeals was a party defendant in certiorari, whether or not it was a proper and necessary party. This judgment also affects the interests and property rights of the individuals who constitute this board and who are named as defendants in certiorari.

These defendants in certiorari, other than the City of Atlanta, whether it is the Board of Zoning Appeals, or the individual mem-

bers of the Board of Zoning Appeals, constitute the plaintiffs in error in the bill of exceptions. The plaintiffs in error therefore are complaining of a judgment of the lower court which affects their interests and property rights. The bill of exceptions therefore, irrespective of the merits of the complaints of the plaintiffs in error, is not an invalid bill of exceptions on the ground that its invalidity consists in the plaintiffs in error complaining of a judgment which does not affect their interests or their property rights. The bill of exceptions having been brought by plaintiffs in error, the defendants in the court below, who are complaining of a judgment which affects their interests and their property rights, is a valid bill of exceptions, and is amendable by substituting as a plaintiff in error another defendant of record, as the City of Atlanta, who is a proper party plaintiff in error.

By a long line of decisions of the Supreme Court it has been held that where one of the parties in the court below is plaintiff in error in this court excepting to the judgment rendered therein, any party of record in the court below who would be a proper plaintiff in this court may, on motion of the plaintiff in error in this court, be made a co-plaintiff in error even without notice. See *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859); *Sharp* v. *Findley,* 71 *Ga.* 651 (6); *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64 (169 S. E. 491); *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (2) (49 S. E. 595); *Southern Ry.* v. *Lancaster,* 149 *Ga.* 434 (100 S. E. 380); *Bennett* v. *Trust Company of Georgia,* 106 *Ga.* 578 (1) (32 S. E. 625); *Screws* v. *Anderson,* 124 *Ga.* 361 (6) (52 S. E. 429). See also *Jones* v. *Reed,* 58 *Ga. App.* 72 (197 S. E. 659); *Beach Lumber Co.* v. *Baxley Banking Co.,* 8 *Ga. App.* 251 (68 S. E. 946).

In this case the motion to make the City of Atlanta a party plaintiff in error was made, not only by Gilliam et al., the plaintiffs in error, but by the City of Atlanta itself.

Therefore the motion to dismiss the writ of error on the ground that Gilliam et al., constituting the Board of Zoning Appeals, sole plaintiffs in error in this court, are not interested parties to a bill of exceptions and therefore the bill of exceptions is void, is without merit, and the motion of the plaintiffs in error to make the City of Atlanta, a co-defendant in certiorari below, a party plaintiff in error, where the city could have originally been a proper plaintiff

in error should be allowed. The conclusion here reached, on the facts as here appear of record, is clearly distinguishable from the rulings in *Music Operators Asso.* v. *Fulton County*, 184 *Ga.* 348, supra, and cit. There is eminent authority for the proposition that the judicatory whose decision is under review in the petition for certiorari may be a party defendant to the proceedings. See 11 C. J. 143; State *v.* Chickasha, 45 Okla. 472 (146 Pac. 433); Crawford *v.* Scio, 22 Mich. 405; Worcester *v.* Railroad Commissioners, 118 Mass. 561.

Since the writ of error, on the judgment of the majority of this court, is dismissed, it is not necessary, in dissenting from that judgment, to go further and express any opinion on the merits of the case. Under the circumstances the merits of the case are not presented for consideration.