## Richards et al. v. Richards.

Candler, Justice. J. K. Richards sued C. D. Richards, Ralph Richards, Mrs. Charles R. Pierce, Miss Harriett Richards, Mrs. Edna Lee Pinkerton, Mrs. Beulah Jackson, Charles R. Pierce, and Miss Margaret Elizabeth Price—his brothers, sisters, brother-in-law, and niece, respectively. The petition in substance alleges that the plaintiff owns and is entitled to the possession of certain lands in Habersham County—a tract composed of 95 acres, more or less, which the defendants are in actual possession of, and which they, other than Mrs. Beulah Jackson, Mrs.

Charles R. Pierce, and Charles R. Pierce, are wrongfully claiming an interest in as tenants in common with him. The petition also alleges: that the defendants Mrs. Charles R. Pierce and Charles R. Pierce, on August 24, 1949, executed and delivered a deed to C. D. Richards, which purportedly conveyed to him in trust for Miss Margaret Elizabeth Price an undivided interest in the land sued for, which they at that time claimed but which they did not in fact own; that the deed so made by them was recorded in the office of the Clerk of the Superior Court of Habersham County; and that the deed as thus made by them and the record of it is a cloud on his title. The plaintiff prayed for process, certain injunctive relief, cancellation of the trust deed, a decree of title, and for possession of the land described in his petition. There was no demurrer to the petition. The defendants, other than Mrs. Beulah Jackson, jointly answered the petition and denied that the plaintiff was sole owner, and as such entitled to exclusive possession of the land sued for. Further answering and by way of cross-petition, which was subsequently amended, they alleged the following facts: During 1929, Mrs. George F. Richards, mother, mother-in-law, and grandmother, respectively, of the parties, expressed a desire to acquire a rural home for herself and family. For such purpose and on October 28, 1929, Mrs. Beulah Jackson, her daughter, selected and agreed to purchase part of the land sued for from Mrs. Bessie Middlemas, and made a down payment of $475 on the agreed purchase price from funds furnished for that purpose by her mother; but, without her mother's consent or knowledge, Mrs. Jackson took a bond for title to herself which obligated the seller to convey the land to her on the payment of the balance of the purchase price in monthly payments of $35. Mrs. Jackson transferred the bond for title to herself as guardian for Robert Eugene Jackson on December 23, 1929; and, as such guardian, she transferred it back to herself as an individual on September 8, 1933. The remaining portion of the land sued for was purchased by Mrs. Beulah Jackson on December 24, 1929, from E. F. Purdy and with money furnished for that purpose by the defendant Ralph Richards, but took title to it in her own name. During the period from October 28, 1929, to September 28, 1933, Mrs. George F. Richards and her several children paid Mrs. Bessie Middlemas on the contract price for the land "approximately" $1680, of which amount Mrs. George F. Richards paid a minimum of $1000. Mrs. George F. Richards, Mrs. Beulah Jackson, and Miss Harriett Richards applied for and obtained a loan from the Federal Land Bank on September 28, 1933, and Mrs. Jackson conveyed the land sued for as security for the repayment of the loan. The money received from the loan was used by them for the purpose of paying Mrs. Middlemas the balance due her, and she complied with her bond for title by conveying the land described therein to Mrs. Jackson. Mrs. George F. Richards and her children subsequently repaid the Land Bank loan in full as the instalments matured. Mrs. George F. Richards resided on the land from the time it was acquired in 1929 until her death on May 26, 1945. She died intestate; there was no administration on her estate, and her children took her interest in the land by descent. Mrs. George H. Price, a daughter of Mrs. Richards,

lived on the land from 1933 until her death on November 16, 1950. She died intestate; there was no administration on her estate, and Margaret Elizabeth Price—her sole heir at law—took her interest in the land by descent. The other children of Mrs. George F. Richards, except the plaintiff J. K. Richards and the defendant Mrs. Charles R. Pierce, have occupied the land continuously since 1933, and were in actual possession of it jointly with Mrs. Beulah Jackson and Margaret Elizabeth Price when the plaintiff filed his action. While so in possession of it, Mrs. George F. Richards and her children made valuable and expensive improvements and repairs, permanent in nature. Prior to May 26, 1945, the plaintiff offered to purchase the undivided interest of his mother, brothers and sisters in the land, making them a definite offer for the same. Mrs. George F. Richards and her children, other than the plaintiff J. K. Richards and the defendant Mrs. Charles R. Pierce, were in actual possession of the land when the defendant Mrs. Beulah Jackson conveyed it for $7000 to the plaintiff J. K. Richards on February 1, 1944. It is also alleged in the cross-petition as amended that Mrs. Jackson, during the period from 1929 to 1944, frequently promised her mother, Mrs. George F. Richards, that she would arrange the title for the land so as to protect the interest of the other tenants in common, but failed to do so.

The plaintiff demurred to the cross-petition as amended on 28 different grounds. The judge ruled only on grounds 4, 5, and 7 and the plaintiff went to trial without invoking a ruling on the remaining grounds of his demurrer. To this ruling all of the defendants who had answered the petition presented pendente lite exceptions within the time allowed by law, and they were certified as true by the trial judge and filed as a part of the record pursuant to his order.

On the trial and after the plaintiff and the defendants had introduced evidence, the judge directed a verdict for the plaintiff. The defendants' motion for new trial was overruled. A bill of exceptions was presented to and signed by the trial judge on January 17, 1953. It assigned error on the judgment refusing a new trial. It did not assign error on the exceptions taken pendente lite or on the judgment therein complained of. It designated "C. D. Richards, et al." as plaintiffs in error, but failed to name Mrs. Beulah Jackson as a party thereto in any capacity. A motion has been made to amend the bill of exceptions by, (a) designating by name those plaintiffs in error referred to by the general term "et al.," (b) assigning error on the exceptions taken pendente lite by the defendants who answered the petition and who excepted to a judgment overruling their motion for new trial, and (c) adding as a defendant in error the name of Mrs. Beulah Jackson. There is also a motion to dismiss the writ of error on the ground that the exceptions taken pendente lite are invalid for want of legal notice or service of the same upon the opposite party and upon those defects in the bill of exceptions pointed out and sought to be cured by the proposed amendment to the original bill of exceptions. *Held:*

1. We will first consider and dispose of the motion to amend the bill of exceptions.

(*a*) The original bill of exceptions named "C. D. Richards, et al." as

plaintiffs in error. The amendment supplies the names of Ralph Richards, Mrs. Charles R. Pierce, Mrs. Charles R. Pierce as executrix of the estate of Charles R. Pierce, Harriett Richards, Mrs. Edna Lee Pinkerton, and Margaret Elizabeth Price. Those so designated by the amendment together with C. D. Richards are, according to the record, the proper and the only necessary parties plaintiff in error; and, since the original bill of exceptions named C. D. Richards who is a proper and necessary party plaintiff in error, and designated the other plaintiffs in error by the general term "et al.," the allowance of an amendment to the bill of exceptions specifically designating by name all other proper and necessary parties plaintiff in error is permissible. Code, § 6-1309; *Bennett* v. *Trust Co. of Georgia,* 106 *Ga.* 578 (32 S. E. 625); *Rowland* v. *Fite,* 110 *Ga.* 248 (34 S. E. 212); *Screws* v. *Anderson,* 124 *Ga.* 361 (6) (52 S. E. 429); *Thompson* v. *Simmons & Co.,* 139 *Ga.* 845 (78 S. E. 419).

(*b*) A defendant below who has excepted to the denial of his motion for a new trial, may at the hearing in the Supreme Court, on motion, assign error on exceptions taken pendente lite to a judgment sustaining demurrers to his answer; and this is especially true where, as here, the contents of such pendente lite exceptions are recited in the final bill of exceptions and a copy thereof appears in the transcript of the record. Code, § 6-1305; *South Carolina R. Co.* v. *Nix,* 68 *Ga.* 572; *Hardee* v. *Griner,* 80 *Ga.* 559 (7 S. E. 102); *Hall County* v. *Gilmer,* 123 *Ga.* 173 (51 S. E. 307); *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552); *McIntire* v. *McQuade,* 190 *Ga.* 438 (9 S. E. 2d, 633). And the motion to review and overrule the five cases just cited, as made by the defendant in error, is expressly overruled and denied. As amended, the final bill of exceptions contained a proper assignment of error on the exceptions pendente lite.

(*c*) "Where an acknowledgment of service has been procured as provided in § 6-912, the bill of exceptions may be amended in the reviewing court by making any person a party defendant in error to the case who is bound by such service although such person may not have been named in the bill of exceptions." Code, § 6-913; *Hayes* v. *Hayes,* 137 *Ga.* 362 (73 S. E. 659); *McEachin* v. *Jones,* 165 *Ga.* 403 (2) (140 S. E. 878). In so far as the record shows, Mrs. Beulah Jackson, a defendant in the court below, filed no pleadings, but she is, according to the record, a person interested in sustaining the judgments complained of and a person who would be affected adversely by a reversal of them; this being so, she is an indispensable party to the writ of error. *Whitehead* v. *Hogan Bros. Lumber Co.,* 205 *Ga.* 890 (2) (55 S. E. 2d, 371). Her attorney of record acknowledged service of the bill of exceptions on January 20, 1953, after such exceptions had been signed and certified by the trial judge on January 17, 1953; and this court in *Howard* v. *Betts,* 190 *Ga.* 530 (1) (9 S. E. 2d, 742), held: "Failure to name an essential party as a defendant in error will not work a dismissal of the writ of error, where counsel of record for such party makes a timely acknowledgment of service and the plaintiff in error tenders an amendment to the bill of exceptions to make him a party defendant in error. Code, §§ 6-912, 6-913, 6-1202, 6-1304." Mrs. Jackson's attorney of record

timely acknowledged service of the bill of exceptions for her, and a proper amendment has been tendered to make her a party defendant in error. See, in this connection, *Clinard* v. *Clinard*, 169 *Ga.* 199 (149 S. E. 788).

The Code, § 6-1309, declares that "No writ of error shall be dismissed in the appellate court when, by an amendment to the bill of exceptions any imperfection or omission of necessary and proper allegations could be corrected from the record in the case." Applying this rule, the motion to amend must be and is granted, and the bill of exceptions is accordingly amended in the respects and to the extent sought by the amendment.

2. The bill of exceptions having been amended as indicated above, the motion to dismiss the writ of error, on the ground that "There is no valid pendente lite exceptions in the case for that the purported bill of exceptions pendente lite were never served upon the defendant in error or his counsel and there is no waiver of service of the pendente lite bill of exceptions attached thereto," must be and is overruled. There is no requirement in our statutes relating to exceptions pendente lite that notice of the presentation of such exceptions be given to or that any service thereof be made upon the opposite party; but the Code, § 6-911, relating to the final bill of exceptions, requires that service thereof be made upon the opposite party within ten days after approval. See *McIntire* v. *McQuade*, supra. And since error must be assigned on exceptions taken pendente lite in the final bill of exceptions, notice and service of the latter as required by the statute affords the opposite party an opportunity to be heard on the question as thus preserved for decision after final judgment. For the record to show interlocutory rulings, is the function of exceptions taken pendente lite. Code, § 6-905.

3. The defendants claim an interest in the land sued for. By analogy to the doctrine that an action for the recovery of land can be defeated by prescriptive title resulting from possession for seven years under color of title, an action to enforce an implied trust must generally be brought within seven years from the time the action accrues. *Basch* v. *Frankenstein*, 134 *Ga.* 518 (68 S. E. 75); *Wallace* v. *Mize*, 153 *Ga.* 374, 383 (112 S. E. 724). In sustaining grounds 4, 5, and 7 of the demurrer, the trial judge held that the defendants' claim of title, as based upon an implied trust, was a stale demand and barred by the statute of limitations since their claim was not asserted within 7 years from the time their cause of action accrued. Were they barred? According to the petition, they were in actual possession of the land when the plaintiff's suit was instituted. The allegations of the cross-petition, as amended, show that their cause of action accrued in 1929, and that they have been in actual possession of the land sued for continuously since 1933. It is well settled that neither laches nor the statute of limitations will run against one in peaceable possession of property under a claim of ownership for delay in resorting to a court of equity to establish his rights. *Harriss* v. *Howard*, 126 *Ga.* 325 (55 S. E. 59); *Pierce* v. *Middle Ga. Land & Lumber Co.*, 131 *Ga.* 99 (61 S. E. 1114); *Pavlovski* v. *Klassing*, 134 *Ga.* 704 (3) (68 S. E. 511); *Smith* v. *Burrus*, 139 *Ga.* 10 (76 S. E. 362); *Copelan* v. *Monfort*, 153 *Ga.* 558 (4) (113

S. E. 514); *Young* v. *Wilson*, 183 *Ga.* 59 (187 S. E. 44); *Cowart* v. *Green*, 194 *Ga.* 62 (20 S. E. 2d, 577); *Shirley* v. *Shirley*, 209 *Ga.* 366 (72 S. E. 2d, 719); *Toombs* v. *Hilliard*, 209 *Ga.* 755 (75 S. E. 2d, 801). "A party in possession of land who resorts to a court of equity to settle a question of title is not chargeable with laches, no matter how long he delays." 5 Pomeroy's Eq. Jur. § 33. Accordingly, the court erred in sustaining grounds 4, 5, and 7 of the plaintiff's demurrer.

4. Since the judge erred in sustaining grounds 4, 5, and 7 of the demurrer to the cross-petition as amended, all subsequent proceedings taken in the case were nugatory.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18168. Argued April 13, 1953—Decided May 12, 1953—Rehearing denied June 11, 1953.

*Dudley Cook*, for plaintiffs in error.

*F. Jack Adams, Herbert B. Kimzey, Irwin R. Kimzey* and *Kimzey & Kimzey*, contra.