### CITY OF BLAKELY v. SHERMAN *et al.,* executors.

Under the will of the testator (found in the opinion), and the admitted facts, the personal estate of the testator in the hands of his executors during the settlement of his estate was taxable in the place where the testator last dwelt, and was not taxable by the municipality in which the executors or one of them resided, it appearing that the testator at the time of his death resided in the State but beyond the limits of the municipality.

No. 2014. DECEMBER 17, 1920.

Equitable petition. Before Judge Worrill. Early superior court. April 7, 1920.

Mrs. Sarah J. Hilton, J. S. Sherman, and H. E. Hightower, as executors of the estate of E. Hilton, filed an equitable petition against the City of Blakely, a municipal corporation, to enjoin the enforcement of a tax fi. fa. for three thousand dollars, issued by the city for taxes alleged to be due on certain per-

sonal property of the estate in the hands of the executors. The
petition alleged, in part, that E. Hilton at the time of his death
was domiciled in the County of Early, this State, outside of the
corporate limits of the City of Blakely, and that one of the three
executors was a resident of the city, while two of them resided
beyond the corporate limits of the city and in the County of
Early. General and special demurrers to the petition were over-
ruled, and the city excepted. On review by this court it was
ruled that, on the allegations of fact set out in the petition,
none of the personal estate of E. Hilton in the hands of his
executors for administration and in process of administration
was liable to taxation by the city. *City of Blakely* v. *Hilton,* 150
*Ga.* 27 (102 S. E. 340). In the opinion filed it was pointed out
that the will of E. Hilton was not attached to the petition, and
that if it should appear upon the trial that the executors were
in fact trustees, the rule announced in *Trustees of the Academy
of Richmond County* v. *Augusta,* 90 *Ga.* 634 (17 S. E. 61, 20 L.
R. A. 151), would be controlling. Before the trial Mrs. Sarah J.
Hilton died, and the case proceeded in the names of J. S. Sherman
and H. E. Hightower as the surviving executors against the
city. On the trial it was admitted that the allegations of fact
in the petition were true; and the plaintiffs introduced in evi-
dence a duly authenticated copy of the will of E. Hilton, and
closed. In item one of the will the bequest is directly to three
named minor children for their education. In item two the be-
quest and devise is directly to the wife during her life or widow-
hood. In item three the provision made for the wife in item two
is declared to be in lieu of dower, year's support, and any other
interest in .testator's estate, except such as may be provided for
in the will. In item four the executors are directed to furnish
to the wife a home, "to be selected by her and to be her prop-
erty," at a cost not to exceed a designated sum of money, "to
be used as a home for herself and my said minor children and
for any other of my children who may wish to reside there." In
this item the testator also bequeathed directly to the wife all
household furniture owned by him at the time of his death. In
item five, "after the foregoing provisions . . have been com-
plied with," the devise is directly to the wife and children by
name; to the wife for life or widowhood, with remainder to the

children; to the children in fee, and if any of them should die leaving children before the death of the testator, then to such surviving child or children. The remaining items of the will are as follows: "Item 6. I leave it discretionary with my executors hereinafter named, as to the time when, the manner in which, and the circumstances under which my said estate should be divided, as provided in item five of this will. I confer upon my said executors, or a majority of them, full power and authority to sell, either at public or private sale, any or all of the property of my estate, for the purpose of carrying out the provisions of this will. And they shall likewise have full power and authority to execute any contract or instrument of writing necessary to carry out this will. Item 7. Until the division of my estate, as provided for in item five of this will, shall have taken place, the income therefrom, after making provision as set forth in items one and four of this will, shall be paid over for the use and benefit of my wife and children named in said will, share and share alike, and the portion of said income belonging to any minor children shall be invested and used for their benefit by my executors, who are hereby constituted and appointed testamentary guardians for all of my children who may be minors, with full power and authority to make necessary investments and expenditures for the support, maintenance, education, and benefit of my said minor children, without making either report or returns to any court. Item 8. I constitute and appoint my wife, Sarah Hilton, and my two sons-in-law, J. S. Sherman and H. E. Hightower, executors of this my will. They shall serve without any compensation; they shall not be required to give bond, or to make any returns to any court whatsoever. In case of disagreement among my said executors in reference to any act which they have authority to perform under this will, a majority of them shall control. Having confidence in the integrity and business judgment of my executors, I desire that they shall wind up my estate, according to the terms of this will, whenever and however they may deem best. I recommend, but do not require, that all of my interest in Alabama be disposed of in as speedy a manner as it can be done without sacrifice. The other property may be kept together and dealt with and managed in such way as my executors may deem to the best interest of

my estate." In effect the trial court held that the will did not create a trust within either the reason or letter of the rule announced in *Trustees* v. *Augusta,* supra, directed a verdict for the plaintiffs, and entered a decree enjoining the municipality as prayed. The city excepted.

*Glessner & Collins,* for plaintiff in error, cited: (1) On trusteeship of the executors, 18 Cyc. 237, 238 note 51, 241-243, 247, 253-254, 1260 note 96, 1330, 1331, 1333-1335; 37 Cyc. 793, 956; 39 Cyc. 249 note 43, 250 note 46, 337; 40 Cyc. 1727-1728; 1747-1749, 1750-1753, 1762, 1764-1765, 1767-1768, 1770 and cit., 1805-1806, 1807 note 7; *Scholl* v. *Olmstead,* 84 *Ga.* 693; *Hughes* v. *Treadaway,* 116 *Ga.* 663; *Rhodes* v. *Harrison,* 60 *Ga.* 428; *Harwell* v. *Foster,* 102 *Ga.* 38; *Luquire* v. *Lee,* 121 *Ga.* 624, 629; *Bird* v. *Mitchell,* 101 *Ga.* 47; *Freeman* v. *Brown,* 115 *Ga.* 23; *Wolfe* v. *Hines,* 93 *Ga.* 329; *Hosch Lumber Co.* v. *Weeks,* 123 *Ga.* 336; *Board of Education* v. *Day,* 128 *Ga.* 156; *Willingham* v. *Bentley,* 20 *Ga.* 783; *Toombs* v. *Spratlin,* 127 *Ga.* 766; *Prince* v. *Barrow,* 120 *Ga.* 810; Civil Code, §§ 3892, 3893; In re Scott, 36 Vt. 297; Stamp *v.* Parrish, 15 Ky. Law R. 55; Jackson *v.* Updegraffe, 1 Rob. 107; Armstrong *v.* Martin, 18 N. C. 397; Prescott *v.* Pitts, 9 Mass. 376; Carter *v.* Young, 1 Lea (Tenn.), 210; Barry's Appeal, 103 Pa. 130; Young *v.* Bradley, 101 U. S. 782; Millsaps *v.* Jackson, 78 Miss. 537 (30 So. 756). (2) On burden of proof to make case for relief: *Vanduzer* v. *Irvin,* 138 *Ga.* 524; *King* v. *Johnson,* 96 *Ga.* 497; *Georgia Fire Ins. Co.* v. *Cedartown,* 134 *Ga.* 87, 93.

*Pottle & Hofmayer,* contra.

GEORGE, J. (After stating the foregoing facts.) In *Trustees of the Academy of Richmond County* v. *Augusta,* 90 *Ga.* 634 (17 S. E. 61, 20 L. R. A. 151), it was held that choses in action in the hands of trustees were taxable to the trustees at the domicile of the trustees; and that where one of the trustees resided within and two resided without the limits of a municipal corporation, the pro rata share of the trustee residing within the limits of the corporation was taxable by the municipality. When this case was before this court (*City of Blakely* v. *Hilton,* 150 *Ga.* 27, 102 S. E. 340), it was ruled that the personal estate of a deceased person, in the hands of his personal representative for administration, was taxable to the personal representative at the place where

the deceased last dwelt, if a resident of the State. In the opinion a distinction between an ordinary executor and a trustee was pointed out. By reference to the will of E. Hilton, set out in the statement of facts, it will be noted that in each instance the bequest or devise is directly to the beneficiary. In a certain sense the executors are of course trustees, but such trust duties as are imposed upon the executors become and are made a function of the office of the executors as such. There is in the will no clearly indicated intention of the testator to end the duties of the executors at any point of time and to require them thereafter to constitute and set up one or more trusts to be held and managed as such for the interest of the beneficiaries. We are of the opinion that the court correctly construed the will. Under the admitted facts the verdict for the plaintiffs was properly directed.

*Judgment affirmed. All the Justices concur.*