## SEIDELL *v.* SEIDELL, executor, *et al.*

One of the items of the will under construction reads as follows: " I desire that all my property both real and personal, with the exception of the place received from my mother (the Roebuck Place in Hart County, Georgia), go to my husband, Charles W. Seidell, and my two sons, Stafford and Atherton Seidell; but No. 32 Carnegie Place not to be sold if possible during the lifetime of my husband, except by the united consent of my executors hereinafter named, and then only when in their judgment such sale shall be necessary, the rents thereof to be applied to paying off the mortgage now held by Francisco and Company; paying for vault if necessary, paying the insurance premiums as they fall due on the life of my husband, with the exception of premium in Equitable Company of N. Y., and the support of my husband during his lifetime, at his death the rents to be equally divided between my children Stafford and Atherton Seidell. If my children Stafford and Atherton should die without children, then the part going to them be theirs only during their lifetime, but at their death go to my sister Zedora F. Norman her lifetime, and at her death be equally divided between her children. Provided, however, should the property 32 Carnegie Place and the Fuller Place have been sold and Stafford and Atherton receive their one half each in cash and in trust (as hereafter named), in that case it is to remain absolutely theirs, and does not revert as before mentioned to my sister Zedora F. Norman and her heirs." The court construed this item of the will to mean that the estate devised in 32 Carnegie Place was an estate for life to the husband of the testatrix, subject to certain charges, and that " after his death the property vested in the two sons named, subject to be divested if they should both die without children; then remainder over to the testatrix's sister during her lifetime, and at her death to be equally divided between the children of the latter;" and further, that the provision in the will as to the proceeds of the property above referred to, in case it should be sold, under which provision it would become the absolute property of the sons, could only be effective in the event of a sale, before the death of the sons, under a proper order of the court, for the purpose of paying some lawful charge which might arise and be within the contemplation of the will and not in conflict therewith; and further, that the executor is not entitled to an order or decree authorizing him to sell property for the purpose only of division or distribution between the two brothers. *Held*, that this was a proper construction of that item of the will, the intention of the testatrix as deducible from all the provisions of the will being considered.

                        No. 1989.    MARCH 3, 1921.

Construction of will.    Before Judge Pendleton.    Fulton superior court.    January 16, 1920.

*Anderson, Rountree & Crenshaw,* for plaintiff in error.

*Hewlett & Dennis, Moore & Pomeroy,* and *W. W. Hood,* contra.

*H. A. Alexander* and *Rosser, Slaton, Phillips & Hopkins,* for a person at interest, not a party of record.

PER CURIAM.    Atherton Seidell, as the surviving executor of the last will and testament of his mother, Mrs. Emma A. Seidell, filed his equitable petition, praying that the will be construed as to cer-

tain parts thereof set forth in the petition, and that he be directed as to the proper administration of the estate. Among the provisions of the will set forth in the petition, and of which the executor desired the court's construction, was that contained in item 2, which reads as follows:

"I desire that all my property both real and personal, with the exception of the place received from my mother (the Roebuck Place in Hart County, Georgia), go to my husband, Charles W. Seidell, and my two sons, Stafford and Atherton Seidell; but No. 32 Carnegie Place not to be sold if possible during the lifetime of my husband, except by the united consent of my executors hereinafter named, and then only when in their judgment such sale shall be necessary, the rents thereof to be applied to paying off the mortgage now held by Francisco and Company, paying for vault if necessary, paying the insurance premiums as they fall due on the life of my husband, with the exception of premium in Equitable Company of N. Y., and the support of my husband during his lifetime, at his death the rents to be equally divided between my children Stafford and Atherton Seidell. If my children Stafford and Atherton should die without children, then the part going to them be theirs only during their lifetime, but at their death go to my sister Zedora F. Norman her lifetime, and at her death be equally divided between her children. Provided, however, should the property 32 Carnegie Place and the Fuller Place have been sold and Stafford and Atherton receive their one half each in cash and in trust (as hereafter named), in that case it is to remain absolutely theirs, and does not revert as before mentioned to my sister Zedora F. Norman and her heirs."

The language of item 4 is as follows:

"The Fuller Place in Hart County, Georgia, containing — acres, to be sold whenever in the judgment of my executors it be deemed advisable to do so, and the proceeds towards paying the balance of vault in cemetery if necessary — other debts that may arise; — the balance, or all of it if no debts, to be divided between my husband and Stafford Seidell (in trust as hereafter named) and Atherton Seidell, my children."

The court construed these items and other portions of the will; but the assignments of error contained in the bill of exceptions, which was sued out by the petitioner, relate only to that part of the decree construing item 2 of the will.

Under the court's construction of item 2 of the will under consideration, an estate for life in the property designated and referred to as 32 Carnegie Place was devised to the husband of the testatrix, Charles W. Seidell, subject to certain charges which the court held not to be subject-matter of inquiry in this suit, and after his death the property was vested in two named sons, Stafford and Atherton Seidell, subject to be divested if they should die without children, with remainder over to the sister of the testatrix, Mrs. Norman, during her lifetime, and at her death to be equally divided between the latter's children. In this connection the court construed the provision that "should the property 32 Carnegie Place and the Fuller Place have been sold and Stafford and Atherton receive their one half each in cash and in trust (as hereafter named), in that case it is to remain absolutely theirs, and does not revert as before mentioned to my sister Zedora F. Norman and her heirs," and held that the same would be effective only in the event a sale of the property be made before the death of Stafford and Atherton Seidell, under proper order of the court, for the purpose of paying some lawful charge which might hereafter arise and be within the contemplation of the will or authorized by law and not in conflict with the will; and the court held further, that the executor is not entitled to an order or decree authorizing him to sell the property for the sole purpose of division or distribution between himself and his brother Stafford.

We are of the opinion that the construction given to item 2 of the will by the court is more nearly in consonance with the intention of the testatrix, deducible from a consideration of all of the provisions of the will, than the constructions insisted upon in the briefs and arguments submitted by the counsel for plaintiff in error and by counsel for a third person having an interest in the estate of Charles W. Seidell, and gives effect to the intention of the testatrix as nearly as that intention can be ascertained from the language employed by the testatrix in expressing her wishes and intention as to the disposition of her property. If we consider merely the language expressing the desire and intention that the property "go to my husband, Charles W. Seidell, and my two sons, Stafford and Atherton Seidell," we would unhesitatingly reach the conclusion that a fee-simple estate had been devised to the three named persons. But the language indicating this desire and intention does not stand

by itself; it is not even in a sentence complete in itself; in immediate connection with the language employed in this first part of the sentence are the provisions that No. 32 Carnegie Place should not be sold if possible during the lifetime of the husband, except by the united consent of her executors, and then only when in their judgment " such sale shall be necessary; " and this is followed by the provision that the rents thereof (that is, 32 Carnegie Place) should be applied to paying off the mortgage on it, and " paying for vault if necessary, paying the insurance premiums as they fall due on the life of my husband, with the exception of premium in Equitable Company of N. Y., and the support of my husband during his lifetime, at his death the rents to be equally divided between my children Stafford and Atherton Seidell." When the complete sentence is considered, it would seem that the testatrix intended that the rents of 32 Carnegie Place should be applied for the purposes just recited, and it was in her mind that these rents might be sufficient for all the purposes there stated. But the possibility was also contemplated that to meet these charges it might be necessary to sell the lot on Carnegie Place because of the inadequacy of the rents to meet the charges contemplated as possible; that it might be necessary to make a substantial encroachment upon the corpus of this property, and then if the rents were insufficient to meet the charges, and encroachments upon the corpus were necessary, thereby diminishing its productiveness, the proceeds of the sale should become the absolute property of the two sons, without limitation. It was not the intent nor the desire of the testatrix that the property should be sold in the lifetime of her husband, unless absolutely necessary to meet charges which she intended should be met by the rents, the possible insufficiency of which she foresaw, and therefore made in that case provision for encroachment upon the corpus, and then the further provision that if the property should be sold the proceeds should become the property absolutely of the two sons. Clearly the testatrix thought it probable that the rents would be sufficient to pay all charges not met by the proceeds of the sale of another piece of property, the " Fuller Place," disposed of in item 4 of the will.

It must be admitted that the construction of this will is attended with great difficulties, but that given it by the trial judge seems to be most reasonable; and it is the only construction that is rec-

oncilable with the evident intention that if her sons should die without children, "then the part going to them be theirs only during their lifetime, but at their death go to my sister." If the two sons, the surviving executor consenting thereto, could have the property sold merely for distribution, independently of any necessity of selling it to meet the charges, then the provision that after their death, in case they died childless, the property should go to the sister of the testatrix, made the devise to the sister of the remainder interest dependent merely upon the generosity of the two sons in refraining from bringing the place to sale; and we do not think that it was the intention of the testatrix to make the rights of her sister and the latter's children dependent upon any such contingency, but it was her intention that the rights of the sister and the sister's children should be contingent upon the sufficiency of the rents of the place to pay the charges in case the proceeds of the sale of the Fuller Place were not sufficient, and the consequent necessity of a sale of the property at 32 Carnegie Place.

It follows from what we have said, showing our concurrence in the views of the court below as to the proper construction of item 2 of the will, that the judgment should be affirmed.

*Judgment affirmed. All the Justices concur.*