26592. OWEN, next friend *v.* GALT, guardian.

DECIDED FEBRUARY 3, 1938.

*Vaux Owen, Ivan F. Parrigin,* for plaintiff in error.

*Dorsey, Stubbs & Dorsey,* contra.

GUERRY, J. Malinda Galt, as guardian of William A. Galt, filed her petition in the court of ordinary, Cherokee County, Georgia, asking for compensation for services which she alleges she rendered in the preparation of the suit of her ward against the United States on a war-risk insurance policy. She alleged that she spent many days and weeks in the preparation of said suit, interviewing witnesses, conferring with counsel and attendance in court. Demurrers to plaintiff's petition were filed by William A. Galt by and through his next friend, Vaux Owen. An answer subject to the demurrers was also filed. An amendment was filed by plaintiff to the original petition; defendant demurred to the petition as amended, and amended his demurrer to include a plea to the jurisdiction of the court. The demurrers were overruled in the court of ordinary and judgment was rendered awarding the guardian the sum of $500 for extra and unusual services in the preparation and trial of the said war-risk insurance case. From this judgment of the court of ordinary an appeal was entered to the superior court. There was a judgment in the superior court overruling the demurrers, and it is on the judgment of the superior court overruling the demurrers that plaintiff in error now assigns error.

The special demurrers were sufficiently met by amendment, and we will only discuss the questions raised by the general demurrer and the demurrer to the jurisdiction of the court of ordinary over the subject-matter. Code, § 49-223, provides that "Guardians shall be allowed the same commissions for receiving and paying out the estates of their wards as are allowed to administrators. Extra compensation and traveling expenses shall be allowed to them upon the same principles as to administrators." In this connection, Code, § 113-2007, provides that "An administrator required to travel out of his county in the discharge of his duty shall be allowed the amount of his actual disbursements, to be proved by his own statements under oath. The ordinary may also allow him a reasonable compensation for the time devoted to this service: Provided, under the circumstances, the ordinary adjudges such additional compensation a proper charge against the estate." See also, in this connection, Code, § 113-2008. It is insisted that

to allow compensation to be paid to a guardian for services and expenses in making an investigation and preparation of a suit on a war-risk insurance policy is violative of § 551, Title 38 U. S. C. A., which provides: "Except in the event of legal proceedings under section 445 of this chapter, no claim agent or attorney except the recognized representatives of the American Red Cross, the American Legion, the Disabled American Veterans, and Veterans of Foreign Wars, and such other organizations as shall be approved by the director shall be recognized in the presentation or adjudication of claims under Parts II, III, and IV of this chapter, and payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau shall not exceed $10 in any one case: Provided, however, that wherever a judgment or decree shall be rendered in an action brought pursuant to said § 445 of this chapter the court, as a part of its judgment or decree, shall determine and allow reasonable fees for the attorneys of the successful party or parties and apportion same if proper, said fees not to exceed 10 per centum of the amount recovered and to be paid by the bureau out of the payments to be made under the judgment or decree at a rate not exceeding one tenth of each of such payments until paid. Any person who shall, directly or indirectly, solicit, contract for, charge, or receive . . any fee or compensation, except as herein provided, shall be guilty of a misdemeanor." This section has reference to agents or attorneys of applicants in the making of claims under contracts of war-risk insurance. Such agents and attorneys, except as to the payment of a fee of ten dollars for the preparation of the necessary papers in filing a claim, are not to be recognized in the presentation or adjudication thereof by the bureau. An administrator of an estate or a guardian is not such an agent or attorney as is referred to in the above section. An administrator or guardian is an agent appointed by law, whose duties are fixed by law and whose compensation is fixed by law. The amount he charges is not determined by private contract in which he may overreach the estate of his ward, but is fixed by law and determined by the judicial action of a court of competent jurisdiction. Congress has the authority to control the conditions under which claims against the government might be prosecuted, and to protect claimants from improvident

b'argains and the treasury against the possibility of frauds or impositions; to prevent the stirring up of· unjust claims against the government, and to reduce the temptation to adopt improper methods of prosecution and filing of improper claims which contracts for large fees contingent upon success have sometimes been supposed to encourage. Calhoun *v.* Massie, 253 U. S. 170, 173 (40 Sup. Ct. 474, 64 L. ed. 843). The purpose of the exercise of this power by Congress has been to secure the safe and unimpaired transmission of the benefits to the beneficiary. United States *v.* Hall, 98 U. S. 343 (25 L. ed. 180); Spicer *v.* Smith, 288 U. S. 430 (53 Sup. Ct. 415, 77 L. ed. 875, 84 A. L. R. 1525). The law was designed to prevent even a suggestion that either the beneficiary should be overreached or defrauded by improvident bargains with unscrupulous persons in the prosecution of such claims, or that the treasury should be raided as a consequence thereof. These provisions are to be strictly enforced, even though their application may at times work a seeming hardship or even deprive applicant of necessary and needful aid and assistance. See, in this connection, Margolin *v.* United States, 269 U. S. 93 (46 Sup. Ct. 64, 70 L. ed. 176); Purvis *v.* United States, 61 Fed. (2d) 992. An attorney who prosecutes such a claim to judgment can not be paid a greater sum than ten per cent. of the amount recovered, and this sum is to be fixed by the United States court in which the case is heard and determined. We can readily see that where an attorney takes a case in which the law, under which he relies in order to recover, limits the amount of fee he is to receive therefor, may not recover a greater amount than that fixed by law. In so providing, the Federal government does not seek to control the State courts, but only "seeks to see that the money allowed to war veterans through insurance is properly and economically administered." Hines *v.* McCoy, 172 Miss. 153 (159 So. 306). However, we think a different rule applies in reference to an administrator or guardian. He or she is the designated custodian of the fund. The Federal statute provides that such funds when collected may be paid over to a guardian for administration. The laws regulating such matters are the State laws where such administrator or guardian resides and to which he is subject. In the recent decision of Hines *v.* Stein, 298 U. S. 94 (56 Sup. Ct. 699, 80 L. ed. 1063), Mr. Justice McReynolds said: "During many

years, Congress has recognized the propriety, if not the necessity, of entrusting the custody and management of funds belonging to incompetent pensioners to fiduciaries appointed by State courts, without seeking to limit judicial power in respect of them. To the contrary, it has directed that whenever any guardian, curator, or conservator fails properly to execute his trust, the administrator [administrator of veteran's affairs] may 'appear in the court which has appointed . . and make proper presentation of such matters.' C. 723, § 2, 44 Stat. 792; c. 510, § 2, 49 Stat. 607; 38 U. S. C., § 450. Authority of the State courts over guardians for incompetents is thus definitely recognized. The administrator is expressly empowered to suspend further payments if the guardian is found to be acting improperly; so much is possible without conflict. Nothing brought to our attention would justify the view that Congress intended to deprive State courts of their usual authority over fiduciaries, or to sanction the promulgation of rules to that end by executive officers or bureaus. The broad purpose of regulations in respect of fees of those concerned with pension matters is to protect the United States and beneficiaries against extortion, imposition, or fraud. Calhoun v. Massie, supra. Dangers of this character are not to be expected in connection with the orderly exercise of authority by State courts over appointees properly entrusted with pension funds. The purpose in view is for consideration when the true meaning of the statute or rule is sought." To our minds this ruling is comprehensive and accurate and applies to the facts of the case at hand. A State court could not equitably appoint an officer and require a bond for the faithful discharge of his duties and then deny to him proper compensation. The amounts payable to a guardian are fixed by statute. Extra compensation in addition to these amounts is a matter of judicial discretion and determination. It seems to us, if the principle insisted on by the plaintiff in error in this case is to be applied, that neither extra compensation nor the ordinary fees prescribed by statute may be collected by an administrator or guardian. The commissions fixed by the law of this State payable to a guardian for services rendered would be in excess of the ten dollars allowed by the statute invoked. It is our opinion that when the fund is turned over to the constituted fiduciary, trustee, administrator or guardian, who is under the control and direction

of the State court, expenses of administration fixed by the law of that State, do not contravene the provisions of the statute above quoted. The court of ordinary is given the authority to hear and determine the question as to whether extra compensation is to be allowed, and the amount of such allowance, under the statutes of this State. The amount paid to the guardian is not paid to him as a creditor of the estate, but as a part of the expenses of administration, and as such is not subject to the provisions of § 454 (a), Title 38 U. S. C. A., which exempts funds paid to beneficiaries from "taxation" and the "claim of creditors." From what has been said the court did not err in overruling the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*