### 27985. OWEN, next friend, *v.* RANDALL, guardian.

DECIDED FEBRUARY 5, 1940.

*Vaux Owen, Ivan F. Parrigin,* for plaintiff in error.

*J. R. Powell Jr.,* contra.

SUTTON, J. It appears from the briefs of counsel for both parties that John Randall of Emanuel County, Georgia, a veteran of the World War, designated, before his death on March 10, 1935, his minor child, Inez Randall, as beneficiary of his adjusted-service certificate (bonus), the proceeds of which were, under 38 U. S. C. A. 277, § 641, payable on his death to the beneficiary named by the veteran. On September 2, 1935, Mrs. Abbie Randall, his widow, and stepmother of Inez Randall, was appointed guardian of said minor by the court of ordinary of Emanuel County, in order that payment of the proceeds of the certificate in the sum of $649.63 might be made in behalf of the said beneficiary; and on or about December 13, 1935, the guardian received this sum. It appears from the record that on November 14, 1936, the guardian filed her annual return with the court of ordinary, and among the items for which credit was sought was a disbursement of $110 on December 13, 1935, to Brown & Williams and J. R. Powell Jr., attorneys, for fees and expenses. In respect to this item the following order was passed by the court on December 13, 1935: "It appearing to the court that the attorneys handling the case of Mrs. Abbie Randall, guardian of Inez Randall, minor, have rendered expense accounts amounting to $60, incurred by them in handling said estate, and it further appearing that $50 is a reasonable fee for the services of said attorneys; now therefore it is hereby ordered and adjudged that the said Mrs. Abbie Randall, guardian of Inez Randall, minor, do hereby pay to said attorneys, to wit, J. R. Powell Jr. and Brown & Williams, the sum of $50. for their services in representing said guardian, and that she also pay them the sum of $60, being the aggregate of the expense bills hereto attached." Part of the amount of $60 expense is shown by the itemized voucher from Brown & Williams to have been made up of the following items: "May 4, 1935. To trip out of town to Garfield, car hire and out of office, $10. May 3, [ditto?], $10. May 6, 1935. To trip car hire and out of office to Garfield, preparing affidavits, $10. May 10. Trip to Graymont, Summit, Canoochee, and out of office, $10. December 13, 1935. Trip and car hire,

$10. [Total] $50." Below this statement appeared the following affidavit which was executed by W. H. Williams: "Georgia, Emanuel County. Personally before me, an officer duly authorized to administer oaths, comes W. H. Williams, and being duly sworn deposes and says that he is a member of the firm of Brown & Williams, attorneys, and that they prepared necessary papers and made all necessary trips in securing evidence in the claim, and that they incurred actual expense in the amount of $50 in said claim. Now said attorneys pray an order from the court allowing said expense account." (Sworn to before the ordinary of Emanuel County, on December 13, 1935.) The remaining part of the amount of $60 expense was represented by a voucher, dated December 13, 1935, in the amount of $10, signed by J. R. Powell Jr., for "expenses of trip to Garfield and Canoochee to secure affidavits by Mrs. Abbie Randall," on August 15, 1935, and services $10.

Inez Randall, by Vaux Owen as next friend, filed a caveat to the return, objecting to the allowance of certain credits for disbursements listed therein, but the only objection argued or insisted on in the brief of counsel is that which relates to the item of $110, and the objections to other items will be treated as abandoned. In support of the objection to the $110 item the caveat alleged that it was not allowable, because under the Federal statute the proceeds of the certificate are exempt from the claims of creditors, and any payment in excess of $10 for securing payment of a veteran's claim is void, except where judgment is obtained in litigation therefor.

The guardian filed an answer to the caveat, denying the allegations of the alleged illegality of the disbursements, and setting up that she employed the law firm of Brown & Williams at the inception of the claim for adjusted-service certificate or bonus; that it was necessary to go to considerable expense in obtaining affidavits and evidence to substantiate the claim; that the items of expense listed by them were legitimate, were paid out under proper order of court, and that all of said orders authorizing payment are attached to the return; that in August, 1935, R. J. Walsh, postmaster at Garfield, Georgia, at the request of the Veterans Administration to get an attorney to look after the case, came to J. R. Powell Jr., attorney, of Swainsboro, Georgia, and asked him to handle the matter; that at the time the said Powell did not know that any other attorney was connected with the case; that at the request of

Walsh Powell went to Garfield, and after he arrived there Walsh went with him to Canoochee and beyond, to see Mrs. Abbie Randall and to prepare the required papers for her appointment and qualification as guardian; that Powell prepared the papers and forwarded them to the Veterans Administration, and furnished the surety bond given by the guardian, he being the local representative of the bonding company; that after said trip and the work done the said attorney submitted a bill for $10, which was reasonable, and which was approved for payment by the ordinary; that after Powell returned to Swainsboro from the trip he learned that Brown & Williams had been preparing the claim for bonus payment, and under date of September 5, 1936, the Veterans Administration requested W. H. Williams of the firm of Brown & Williams to contact Powell so that there might not be a duplication of efforts in the case, and thereafter these attorneys together went to the ordinary and agreed on a fee of $50, which was to be divided one half to Brown & Williams and one half to Powell, which was approved by the ordinary, and the amount was paid out according to said order; that J. R. Powell Jr. has since continued to represent herein said guardianship proceedings, has advised and counseled the guardian, has countersigned checks for payment, has prepared and filed her annual return, and will prepare and file papers for dismission at the proper time; that in fact the amount of compensation already received by Powell is far too small, considering the detail involved in handling this estate; that the legal service and other expense involved in the case are worth what has been paid by the guardian, and that she could not have obtained competent counsel to prosecute the claim and these proceedings, as they have been prosecuted, on the basis of less remuneration; that Powell is now representing the guardian, and does not claim compensation for obtaining payment of the claim, and does not claim, and did not incur, any expense in the matter save the trip to Garfield and Canoochee hereinbefore mentioned; that the respondent has tried in a faithful and efficient manner to discharge the duties of her guardianship, and in doing so has employed counsel who have assisted her in conjunction with the court; and that she is not liable to refund any of the sums mentioned in the caveat. She prayed that her return be admitted to record and the expenditures approved, and that the caveat be dismissed.

Upon a hearing upon the pleadings and the affidavits and vouchers hereinbefore set forth the court of ordinary passed the following order: "Upon a hearing of the caveat the same is hereby denied and the caveat dismissed, and the return admitted to record." The caveator appealed to the superior court, and by agreement of the parties the same was, on October 12, 1938, submitted to the trial judge for determination without a jury on the facts as shown by the pleadings, vouchers, and affidavits. Thereafter the court, on July 14, 1939, rendered the following judgment: "This is an appeal from the court of ordinary. The case originated because of a caveat filed by the Veterans Administration. The ordinary overruled the caveat, and, without going into any lengthy discussion, it is the judgment of the court that the appeal be overruled, and the judgment of the ordinary stands affirmed." The appellant excepted, and error is assigned on the grounds, (1) that the judgment is in effect a dismissal of the appeal without an investigation on the merits of the case and without specifying any ground for said dismissal; (2) that the judgment shows a review of the judgment of the court of ordinary, and that said judgment was affirmed by the superior court, whereas, the case being an appeal from the court of ordinary, it is the action, and not the judgment, that is to be examined; it is a de novo investigation on the whole merits of the case; (3) that the judgment affirms the judgment of the court of ordinary and in effect holds that the court of ordinary may allow the guardian credit in his accounting or return for attorney's fees which are prohibited by a Federal statute; (4) that the judgment affirms the judgment of the court of ordinary and in effect holds that the court of ordinary may allow the guardian credit in his accounting or return for the payment of attorney's fees which the Federal statute provides are unlawful and which make the charge or collection of such fees a penal offense; (5) that the judgment affirms the judgment of the court of ordinary, and in effect holds that the court of ordinary may allow the guardian credit in his accounting or return for the payment of claims of creditors from funds which under Federal statute are not subject to creditors' claims, and which are not subject to attachment, levy, or seizure under any legal or equitable process.

■ While the language of the judgment entered by the superior court was such as would more appropriately be used in a judgment

on certiorari, we think that, properly construed with the pleadings and the issue submitted to the trial judge without a jury, its intendment was a finding against the appellant on the merits of the case, and not a dismissal of the action. It is true, as contended by counsel for plaintiff in error, that on an appeal to the superior court from the court of ordinary the case stands for trial as a de novo investigation; and we recognize that, although a judgment may be correctly rendered in a court of ordinary, a judgment on appeal in the superior court may be entirely opposite, because of different facts presented on a de novo hearing, and yet may be entirely correct. *Abrams* v. *Lang,* 60 *Ga.* 218, 221. In the present instance, however, the merits of the case in the superior court were identical with the merits of the case in the court of ordinary, because, although the investigation was de novo, the trial judge was called upon to decide the issue solely on the same record and facts as in the court of ordinary. Hence, if a judgment in favor of the guardian was demanded in the court of ordinary, such a judgment was likewise demanded in the superior court on the same state of facts. Evidently the judge of the superior court was of the opinion that *on the same evidence* a finding in favor of the guardian was demanded in the superior court, just as in the court of ordinary. While it was ordered in the judgment "that the appeal be overruled and the judgment of the ordinary stands affirmed," it was recited that "This is an appeal," etc., and the case had been in the breast of the court since October 12, 1938; and the conclusion is irresistible that the *merits* had been considered and were being adjudicated on July 14, 1939, the date of the judgment, and not that the *action* was by such judgment to be dismissed. Inasmuch as the judgment, properly construed, was a finding against the appellant, the assignment of error under (1) above is without merit.

■ From an examination of the record, however, we are of the opinion that the guardian was not entitled to credit for the total amount of $110 here in issue, but only for $60, as we shall now proceed to show. It was held in *Owen* v. *Galt,* 57 *Ga. App.* 259 (195 S. E. 233) : "Compensation fixed by law, to be paid to administrators, guardians, and the like, are expenses of administration, and not debts due and owing by the estate they represent. As to such compensation, the estate of a veteran, which consists solely of the proceeds of a war-risk insurance policy which has been

turned over to his guardian, is liable therefor. The court of ordinary has jurisdiction to hear and determine, under the State law, a petition for extra compensation for services rendered by such guardian in connection with obtaining payment of such policy." In that case it was contended by the plaintiff in error that to allow a guardian compensation for services and expenses in making an investigation and preparation of a suit on a war-risk insurance policy is in violation of 38 U. S. C. A. 263, § 551, which prohibits the payment "to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau" in excess of $10 in any one case, except where judgment is obtained in a court and where the court may allow not to exceed 10 per cent. of the amount recovered, to be paid as directed in the statute. In respect to an adjusted-service certificate, a form of bonus, an attorney is not entitled to collect even as much as $10 for services out of court, but any assistance rendered a veteran must be wholly gratuitous, because by statute, 38 U. S. C. A. 276, § 619, it is provided : "Any person who charges or collects, or attempts to charge or collect, either directly or indirectly, any fee or other compensation for assisting in any manner a veteran or his dependents in obtaining any of the benefits, privileges, or loans to which he is entitled under the provisions of this chapter shall, upon conviction thereof, be subject to a fine of not more than $500, or imprisonment for not more than one year, or both."

In the *Galt* case, in distinguishing payment to an attorney, in connection with a claim, from expenses incident to administration, it was said : "This section [title 38, U. S. C. A. § 551] has reference to agents or attorneys of applicants in the making of claims under contracts of war-risk insurance. Such agents and attorneys, except as to the payment of a fee of ten dollars for the preparation of the necessary papers in filing a claim, are not to be recognized in the presentation or adjudication thereof by the bureau. An administrator of an estate or a guardian is not such an agent or attorney as is referred to in the above section. An administrator or guardian is an agent appointed by law, whose duties are fixed by law and whose compensation is fixed by law. The amount he charges is not determined by private contract in which he may overreach the estate of his ward, but is fixed by law and determined

by the judicial action of a court of competent jurisdiction. Congress has the authority to control the conditions under which claims against the government might be prosecuted, and to protect claimants from improvident bargains and the treasury against the possibility of frauds or impositions; to prevent the stirring up of unjust claims against the government, and to reduce the temptation to adopt improper methods of prosecution and filing of improper claims which contracts for large fees contingent upon success have sometimes been supposed to encourage. . . It seems to us, if the principle insisted on by the plaintiff in error in this case is to be applied, that neither extra compensation nor the ordinary fees prescribed by statute may be collected by an administrator or guardian. The commissions fixed by the law of this State payable to a guardian for services rendered would be in excess of the ten dollars allowed by the statute invoked. It is our opinion that when the fund is turned over to the constituted fiduciary, trustee, administrator, or guardian, who is under the control and direction of the State court, expenses of administration fixed by the law of that State do not contravene the provisions of the statute above quoted. The court of ordinary is given the authority to hear and determine the question as to whether extra compensation is to be allowed, and the amount of such allowance, under the statutes of this State. The amount paid to the guardian is not paid to him as a creditor of the estate, but as a part of the expense of administration."

The *Galt* decision does not hold that a guardian may properly pay to an attorney for filing a claim an amount prohibited by the Federal statute, but is authority for the proposition that reasonable expense of administration can be allowed a guardian from the funds of a veteran. Accordingly, we think that the guardian in the present case was entitled to credit for reasonable attorney's fees paid by her for services rendered in connection with her guardianship, and that it can not be said that the ordinary abused his discretion in approving this item of the guardian's return in the sum of $50. Likewise the amount of $10 paid J. R. Powell Jr., for expense incurred in obtaining affidavits from Mrs. Randall, preparatory to filing her application for appointment as guardian, after the postmaster had sought him out pursuant to a request from the Veterans Administration that an attorney be recommended for Mrs. Randall in the matter of guardianship, was properly approved.

The allowance of this total of $60 is resisted by the beneficiary of the certificate, the ward of Mrs. Randall, through an attorney of the Veterans Administration, as next friend, on the theory that it is forbidden by the Federal statute above quoted, and numerous cases are cited to the effect that an attorney may not collect more than $10 for assisting a veteran in a *claim*. As we have ruled, however, that the services rendered as above discussed were not in respect of any claim, but were performed solely in a guardianship matter, the cited cases are without application.

The amount of $50, expenses paid to Brown & Williams, is clearly not allowable, as it appears that it represents an expense which did not relate to anything done in connection with the appointment or guardianship of Mrs. Randall, W. H. Williams having deposed by affidavit that the firm "prepared necessary papers and made all necessary trips in securing evidence in the *claim,* and that they incurred actual expense in the amount of $50 in said *claim.*" (Italics ours.) It appears from the record that this law firm was engaged by Mrs. Randall in May, 1935, to prosecute a claim for the adjusted-service certificate before she was appointed guardian in September, 1935, through the efforts of J. R. Powell Jr.

The judgment of the superior court is affirmed with direction that the defendant in error write off of said judgment the sum of $50, representing the items we have held not allowable in the return; otherwise the judgment shall stand reversed.

*Judgment affirmed, with direction. Stephens, P. J., and Felton, J., concur.*