29735. McDOWELL, executor, *v.* McDOWELL.

DECIDED NOVEMBER 18, 1942.

*Paul Blanchard, G. Y. Harrell,* for plaintiff in error.

*R. S. Wimberly,* contra.

SUTTON, J. The present case was transferred to this court by the Supreme Court under a ruling that it was without jurisdiction, and that this court had jurisdiction. See *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602).

It appears from the record that J. T. McDowell, son of M. T. McDowell, who died testate in 1929, filed in 1941 in the court of ordinary of Stewart County a petition against M. T. McDowell Jr., as executor under the will of M. T. McDowell, praying for an ac-

counting as to the petitioner's share of income under the will and for a revocation of the letters testamentary because of alleged waste, mismanagement, and misappropriation of the estate. The pertinent terms of the will, after providing for payment of debts and specific bequests, are as follows: "My executor hereinafter named shall hold, manage, and invest all of the rest and residue of my estate, of every nature and kind . . for and during the life and widowhood of my beloved wife . . and collect and receive the income derived therefrom, and my executor shall pay over the net income received therefrom for and during my wife's life and widowhood to my beloved wife . . and my beloved son, J. T. McDowell, of Stewart County, Georgia, share and share alike; and thereafter said property shall be divided, share and share alike, between my beloved sons, M. T. McDowell Jr., of Columbus, Ga. and J. T. McDowell, of Stewart County, Ga. I nominate my beloved son, M. T. McDowell Jr., as executor of this my will, and *as such executor* authorize and empower him, for the purpose of administering my estate and executing the powers herein conferred, to invest the funds of said estate in such stocks, bonds, security deeds, or real estate, as he in his judgment, which shall be final and controlling, sees fit, and to collect all the income, rents, and profits derived therefrom, and to lease any real estate held by him; and he is authorized and empowered to change the form of said investments whenever and as often as he sees fit, and to make such sale or sales as in his judgment may be proper, and his judgment shall be final and controlling, and all purchasers from him shall be vested with the fee-simple title and complete ownership of the property so purchased from him, free from all restrictions, conditions, limitations, and trusts, and are under no duty to see that the funds received by him are properly accounted for by him; and in doing and performing any of the acts herein mentioned, and in carrying out and performing any of the duties imposed by my will, he shall not be required to obtain the authority, approval, or consent of any court or courts, and any sale or sales made by him may be either public or private, and for cash or on terms, and he is empowered to make all proper deeds, assignments, leases, or other instruments necessary to carry out the powers and duties herein conferred; and I expressly relieve him from the necessity of making any returns to any court or courts, or of making

any inventory or appraisement, and from giving any bond." (Italics ours.)

It is alleged that, although the testator left money, stocks, bonds, and other securities, in addition to a described farm, on which the widow has since resided, the executor has disposed of and appropriated to his own use a large amount of properties of the estate, and was attempting to sell the farm; that petitioner had never received any income, "amounting to hundreds of dollars," from the estate, "except the use of the farm," on which he had "paid the taxes and upkeep," or any accounting for his part of the income, and that the executor was insolvent and under no bond.

To this petition the executor filed a general demurrer on the ground that the will created a trust estate; that the accounting sought was against a trustee, and not against an executor; and that the court of ordinary of Stewart County, where the will was probated and the letters testamentary granted, has "no jurisdiction to require a trustee to account to a cestui que trust;" but that such jurisdiction is vested in the superior court of Muscogee County where the respondent resides. The case was appealed by consent to the superior court of Stewart County, where the judge of that court overruled the demurrer of the executor, and the exception is to that judgment.

In a limited sense all executors, like administrators, are trustees even as to the usual fiduciary duties imposed on them by law or under the will or by both. *City of Blakely* v. *Hilton*, 150 *Ga.* 27, 30, 33 (102 S. E. 340), and cit. But this general fiduciary relationship is not of such character as would constitute a trust in the sense that only a court of equity can impose its supervision. In some instances, where the will does not *expressly* designate the person named executor *as a trustee*, but does direct the executor to perform fiduciary duties in addition to those which are usually incident to an administration, it is often difficult to determine whether he is to act with respect thereto as executor or as trustee, and, if the latter, when the office of executor has ceased and the office of trustee has begun by the executor's express or implied assent to the trust legacy or devise, with a resulting assumption of the duties of trustee. *Freeman* v. *Brown*, 115 *Ga.* 23, 24 (41 S. E. 385). It is the general rule that, even though a will may impose duties which in their nature might partake of the qualities of

a trust, but which do not in terms **or by implication** necessitate such a construction, it is incumbent on the executor, as executor, to administer the estate as provided. McArthur *v.* Scott, 113 U. S. 340, 341, 347 (5 Sup. Ct. 652, 28 L. ed. 1015) ; 21 Am. Jur. 372, § 7, and cit. See also *City of Blakely* v. *Sherman,* 150 *Ga.* 749, 753 (105 S. E. 292). The mere fact that special duties may extend over a period of years, or that they *might* have formed proper subject-matter for an express special trust, had the testator seen fit to so provide, will not prevent the executor from performing such duties *as executor,* or necessitate the decreeing of a trust. *Robinson* v. *Georgia Savings Bank &c. Co.,* 185 *Ga.* 688, 692 (196 S. E. 395). Other decisions, without making an express adjudication on the subject, have plainly recognized that these special powers and duties may exist in executors as such, and may extend beyond the usual period of administration. *Bullard* v. *Farrar,* 33 *Ga.* 620; *Rucker* v. *Maddox,* 114 *Ga.* 899 (41 S. E. 68) ; *Toombs* v. *Spratlin,* 127 *Ga.* 766 (57 S. E. 59) ; *Thomas* v. *Owens,* 131 *Ga.* 248, 257 (64 S. E. 218) ; *Clay* v. *Clay,* 149 *Ga.* 725 (3) (101 S. E. 793) ; *Seidell* v. *Seidell,* 151 *Ga.* 223 (106 S. E. 172) ; *Turner* v. *Baird,* 159 *Ga.* 277, 278 (125 S. E. 475). However, it is true that if a will *expressly* creates a trust, and imposes *special fiduciary duties* on the person named executor, not as *executor* but as a *trustee,* and the executor has expressly or impliedly assented to the gift and taken over the property as trustee, it is plain that he is not amenable to a proceeding in the court of ordinary, brought by a legatee for an accounting and settlement with respect to the trust; but relief must be sought by equitable suit in the superior court where the defendant resides. Likewise, under exceptional circumstances where, although the will does not *in terms* create a trust, yet the manifest purpose of the language and the exigencies of the case require that equity shall decree and enforce a trust, the trust will be raised by implication, and the rule is the same. *Sanders* v. *Hinton,* 171 *Ga.* 702 (156 S. E. 812) ; *Fine* v. *Saul,* 183 *Ga.* 309, 311 (188 S. E. 439) ; Code, §§ 2-4303, 108-117, 37-101.

The testamentary language in the present case provided special fiduciary duties and rights for performance by the person named executor, as to investments, collection of income, rents, and profits, sales of property, and payment of income to legatees, but imposed

those duties upon him only as executor, and in no wise purported to designate him as trustee or to set up any express trust for their performance. The mere provision that in property sales by the executor purchasers shall be "vested with the fee-simple title . . of the property so purchased . . free from all restrictions, conditions, limitations, *and* trusts" (italics ours), can not, as contended, be taken as having created such a trust. The testamentary language indicates no purpose to create any special trust, and no exigency appears which might necessitate the decreeing of any such trust.

Therefore, we are of the opinion, and so hold, that the court of ordinary of Stewart County had jurisdiction to determine the petition of the legatee for an accounting and settlement as to the funds involved and for a revocation of the letters testamentary, and that the judge of the superior court of Stewart County, on the consent appeal from the court of ordinary, properly overruled the executor's demurrer on the ground that the will created a trust, such as made him a trustee, and that as such he was amenable only to an equity suit in the superior court of a different county where he resided.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I do not think it is necessary to decide whether, under the terms of the will, a trust estate was or was not created as respects the matters dealt with in the majority opinion. My opinion is that, assuming for the sake of argument a trust was created, the petition does not show that the acts of the executor, which are complained of, were his acts as executor or as trustee. It does not show that the duties of the executor had been completed and that the estate was being operated as a trust estate by the alleged trustee. There is no allegation in the petition showing that the debts had been paid and no allegation equivalent thereto. The petition also fails to allege that a valid trust estate was created by the will in that it fails to allege that the remainder estate was left in trust for a minor, or person non compos mentis, or male person of age, who on account of mental weakness, intemperate habits, wasteful and profligate habits, was unfit to be entrusted with the right and management of property. *DeVaughn* v. *Hays,* 140 *Ga.* 208 (78 S. E. 844) ; *Finn* v. *Dobbs,* 188 *Ga.* 602

(4 S. E. 2d, 655); *Clark* v. *Baker,* 186 *Ga.* 65 (196 S. E. 750). Since the petition did not show on its face that the court of ordinary had no jurisdiction the demurrer was properly overruled.