## MORGAN *v.* HUTCHESON.

No. 14339. DECEMBER 2, 1942.

*S. W. Fariss* and *Gleason & Collins,* for plaintiff.

*Julius Rink, Rosser & Rosser,* and *Shaw & Shaw,* for defendant.

GRICE, Justice. In view of what the defendant pleaded, it can not be urged by him or his counsel that the money received by him was for services rendered in connection with obtaining administration on the estate of the husband of the plaintiff. He is bound by his pleadings, which averred that he received it as a gift. *Kirkpatrick* v. *Faw,* 184 *Ga.* 170, 177-178 (190 S. E. 566), and cit.: *Fowler* v. *Johnson,* 151 *Ga.* 122 (106 S. E. 90).

The Court of Appeals ruled that the jury was authorized to find the money was not paid under the contract, "and the verdict was authorized on the theory on which the case was tried." Elsewhere that court found no error in a charge to the effect that if the de-

fendant sustained his contentions, he was entitled to a verdict. As to what his contentions were, one must look to his answer. Translated in the light of his answer, this was a ruling that if it was received by him from the plaintiff, who paid the same to him voluntarily "upon her promise to make him a gift sufficient to satisfy this defendant for the service rendered by him," it was not a violation of the law. In our opinion this was a misinterpretation of the law, and so to construe it in effect nullified the statute. The statute here involved not only prohibits the contracting for, but makes unlawful the receiving of any sum in excess of ten dollars, directly or indirectly. The illegality of the transaction is not dependent upon whether it was paid under a contract, but whether it was received, with or without a contract, as compensation for services rendered. If, as pleaded by the defendant, the sum so received was "to satisfy" him for services rendered, then this was to compensate him, and therefore received by him as compensation for services rendered, contrary to the provisions of the statute. His testimony as to the conversation between him and the donor at the time he received from her the check makes it clear as to what this payment to him really was. She was doing that which he had suggested to her in his letter wherein he stated to her that their contract as to fees was a nullity, and that she need not consider that she owes him anything "except that you just voluntarily live up to the contract or your agreement." This is in line with another portion of his answer in which he averred that the award to her was made after he had written his cancellation of the contract, and after he had notified her that he could not go on with the contract, but that he had told her he would continue his efforts in the matter, and that "aside from the contract, that this plaintiff advised him that she would make him a present of a sufficient sum that would satisfy him for the services he had rendered, if he would continue to aid her until she received the money."

It was a misinterpretation of the statute to hold that the plaintiff could not recover unless the money sued for was paid under the contract. The law not only forbids any person from contracting for compensation in excess of ten dollars for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau for the collection

of money due on a war risk-insurance policy, but the law prohibits the receiving of any sum in excess of ten dollars, directly or indirectly, as compensation. The test is not whether it was paid under the contract, or whether it was received as a gift. That it was to be regarded as a gift can not save it from the taint which the law casts upon it if it was received as compensation. There is no difference between receiving it as compensation and receiving it in satisfaction of services rendered by him. The law looks beyond the shadow and into the substance of things. According to Hutcheson's pleadings and his testimony, there could have been but one purpose in view, and that was a purpose forbidden by the law. "If a gift shall be made for a specific purpose expressed or secretly understood, and such purpose is illegal, or from other cause fails or cannot be accomplished, the donee shall hold as trustee for the donor or his next of kin." Code, § 48-108. It is impossible to treat this so-called gift as detached from the main transaction, or as a spontaneous expression of the donor's bounty to one who had done her a kindness, even though it be permissible (as to which we are not called on under this record to express an opinion), for parties placed as this plaintiff and this defendant are, for the one to make to the other a gift. The time and place of the payment, the odd amount, the absence of any other reason why, upon the receipt of the proceeds by her of this insurance money, she rewarded him so handsomely in an amount which apparently was designed to be the equivalent of the exact sum he was to have received under the original agreement with him, can mean nothing else than that he received it in compliance with her promise to "satisfy" him for services for which the law says he shall receive no compensation in excess of ten dollars.

There seems to be a dearth of direct authority on the exact issue here presented. On the general subject, however, see *Owen v. Galt*, 57 *Ga. App.* 259 (195 S. E. 233); Welty *v.* United States, 2 Fed. 2d, 562; Purvis *v.* United States, 61 Fed. 2d, 992; United States *v.* Hall, 98 U. S. 343 (25 L. ed. 180); Calhoun *v.* Massie, 253 U. S. 170 (40 Sup. Ct. 474, 64 L. ed. 843); Spicer *v.* Smith, 288 U. S. 430 (53 Sup. Ct. 415, 77 L. ed. 875, 84 A. L. R. 1525); Margolin *v.* United States, 269 U. S. 93 (46 Sup. Ct. 64, 70 L. ed. 176); Hines *v.* Stein, 298 U. S. 94 (56 Sup. Ct. 699, 80 L. ed. 1063). *Judgment reversed. All the Justices concur.*