### 41810. EVANS et al. v. AUGUSTA-RICHMOND COUNTY BOARD OF ZONING APPEALS et al.

DEEN, Judge. 1. *Code Ann.* § 69-1211.1 provides that persons aggrieved by any decision of a board of zoning appeals may appeal to the superior court, which appeal shall be the same as an appeal from any decision made by the court of ordinary (*Ch.* 6-2). Such an appeal constitutes a de novo investiga-

tion, and the judge of the superior court, who has the same but no greater jurisdiction than the original hearing tribunal, may rehear and enter a new judgment on demurrers previously filed, or may entertain and pass on a new demurrer, at least one in the nature of a general demurrer. *Goodman v. Little,* 213 Ga. 178 (97 SE2d 567); *McDowell v. McDowell,* 68 Ga. App. 363 (3) (22 SE2d 851). Where, as here, certain persons allegedly aggrieved by the action of the Augusta-Richmond County Board of Zoning Appeals in granting a variance from set-back regulations to a property owner seeking to construct a single family residence appealed to the Superior Court of Richmond County by setting out their complaints in the form of a petition and naming the owner and the Board of Zoning Appeals as defendants, the superior court had jurisdiction to consider the legal sufficiency of the appeal when the pleading was challenged by a motion in the nature of a general demurrer.

2. Where the question raised before the superior court on appeal goes to the merits of the case, and the facts are identical with those appearing before the inferior judicatory, since the jurisdiction of the superior court is the same as that of the original trior of facts it follows that if a given decision was demanded in the first instance it is also demanded in the second. *Owen v. Randall,* 61 Ga. App. 624, 629 (7 SE2d 185).

3. The ordinances of the City of Augusta relating to requirements for construction of single-family residences controlling this case are the same as those considered in *Hill v. Busbia,* 217 Ga. 781 (125 SE2d 34). It was there held that where an owner of land applied for a variance in set-back requirements and made a showing that the lot was of record prior to the enactment of the applicable ordinance, and that the lot was of such a size or shape that it was impossible to conform to minimum requirements, but the use was one permitted by the ordinance, a strict enforcement of the ordinance would work an undue hardship, and the variance would not be contrary to the public interest (*Code Ann.* § 69-1214 (3, 4)), the variance should be granted. In *Hill,* which was a hearing on an injunction, it was held: "Sec. 3-3 [of the building code of the City of Augusta] provides that 'Lots of record at the time of enactment of this ordinance and resolution, which have less than the minimum requirements for

R zone may nevertheless be used for uses permitted in respective zone. All other lots in an R zone shall be in accordance with the respective zone requirements.' The lot here involved is a lot of record as defined in the ordinance. Sec. 3-3 clearly and expressly excepts defendant's lot and others of record from requirements of the ordinance and expressly subjects all other lots to the requirement. Therefore, the lot is immune from the requirements, and specifically permitted to be 'used for the uses permitted' by the ordinance. This does not say some but not all such uses. Since admittedly a use permitted by the ordinance is the erection of a dwelling house, and since that is precisely the use made of it, and since the only relief sought is to enjoin that use, the judgment denying the injunction was demanded."

4. In the present case the applicant for a variance owned a triangular lot bounded on each side by a city street. Under applicable set backs he would be required to have a minimum 25 foot set back on each street, which, if observed, would make the use of the lot for a single-family residence impossible. The Board of Zoning Appeals granted a variance to allow set backs of 20 feet on the fronting street and 10 feet on the other two, with a requirement of fencing as to one side of the house. There is nothing in the record to indicate that such variance is contrary to public interest. The applicant's lot, being of record prior to the enactment of the ordinance, was excepted from its terms. A refusal to grant the variance would have had the result of depriving the owner of any use of his land, since the only permitted use is for single-family residences and a single-family residence could not be built on the lot unless set-back requirements were eased. Under these facts, as in *Hill,* supra, the grant of a variance was demanded.

5. The Board of Zoning Appeals gave public notice of its initial hearing on the matter by means of publication in a newspaper of general circulation. Three residents of the immediate neighborhood were present, and the spokesmen for these stated they did not object to the grant of the variance. The appeal is filed in the form of a petition to the superior court by 11 persons who state that they "have a substantial interest in the decision of the Augusta-Richmond County Board of Zoning Appeals in that they reside in and about the triangular shaped lot upon which the set-back variance

was allowed." They fail to allege, however, that they are property owners or have any pecuniary interest which would be adversely affected. "In order for a person to have a substantial interest in a decision of the Board of Adjustment [so as to be an 'aggrieved' person who may appeal under *Code Ann.* § 69-1211.1] he must show that his property will suffer some special damages as a result of the decision of the board complained of, which is not common to other property owners similarly situated." *Victoria Corp. v. Atlanta Merchandise Mart,* 101 Ga. App. 163 (2) (112 SE2d 793), and see *Gilliam v. Etheridge,* 67 Ga. App. 731 (1) (21 SE2d 556).

For the reasons set out in Divisions 3 and 4 of this opinion, the appeal was not meritorious, and it was not error for the judge of the superior court to sustain the general demurrer. *Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED FEBRUARY 8, 1966—DECIDED FEBRUARY 11, 1966.

*John D. Watkins,* for appellants.
*Maurice Steinberg, John C. Bell,* for appellees.